**KLAR v. FIRESTONE TIRE & RUBBER CO.**

United States District Court
S. D. New York.

Jan. 16, 1953.

Robert Irving Lennox, New York City, for plaintiff.

Kenyon & Kenyon, New York City, for defendant.

SUGARMAN, District Judge.

Plaintiff moves under F.R.Civ.P. rule 41(a)(2), 28 U.S.C.A., for leave to discontinue his action against defendant, an Ohio corporation, without prejudice so that he may then commence a new action against defendant in Ohio.

The action is based on an alleged written agreement for payment of royalties on his unpatented invention, a "blow out proof" automobile inner tube, and for fraud in the use of disclosures concerning the invention made by plaintiff to defendant.

The complaint was filed on October 31, 1952, service was made on November 3, 1952 and an answer was filed on November 21, 1952.

Plaintiff's desire to discontinue this action and commence anew in Ohio is prompted by his belief that the action on the purported written agreement is barred by the New York statute of limitations but is not so barred in Ohio.

■ The motion is one addressed to the sound discretion of the Court. Prior to the effective date of the rule a plaintiff often had, under state practice, an absolute right to discontinue his action at late stages of the litigation, even in the midst of trial.

■ F.R.Civ.P. rule 41(a)(2) was adopted to put an end to such abusive practices whereby defendants were put to expense by plaintiffs who had no real object in mind other than such harassment.[1]

■ No such abusive intent appears in the instant ·case, and accordingly plaintiff's motion for voluntary dismissal is granted without prejudice, conditioned upon plaintiff, within twenty days from the entry of an order hereon (1) commencing a new

1. Moore's Fed.Prac., 2nd Ed., Vol. 5, par. 41.05, p. 1018, et seq.

action in Ohio, and (2) paying to defendant its taxable costs and disbursements together with an attorney's fee of $250.

Settle order.