AXE–HOUGHTON FUND A, INC., a corporation; Axe-Houghton Fund B, Inc., a corporation, Axe-Houghton Stock Fund, Inc., a corporation, Axe Science and Electronics Corporation, a corporation, Plaintiffs,

v.

ATLANTIC RESEARCH CORPORATION, a corporation, and Arch C. Scurlock, Arthur W. Sloan, Franklin C. Salisbury, and Gerald T. Halpin, Defendants.

United States District Court
S. D. New York.
March 16, 1964.

Debevoise, Plimpton, Lyons & Gates, New York City, for plaintiffs; Robert B. von Mehren, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants; Charles S. Rhyne, Washington, D. C., of counsel.

DAWSON, District Judge:

This is a motion by defendants, pursuant to Section 1404(a) of Title 28 U.S. C., to transfer this action, in the interest of justice, to the United States District Court for the Eastern District of Virginia, Alexandria Division.

The action was commenced in this district. The action is one which was brought by several funds to recover from defendants damages alleged to have been suffered by the plaintiffs in the purchase of stock from defendant Atlantic Research Corporation, or, in the alternative, to rescind said purchases and recover the $2,000,000 purchase price paid for such stock. The complaint alleges that in connection with the sale of said stock defendant Atlantic Research Corporation made certain misrepresentations and concealments of material fact; that such misrepresentations and concealments were made by the use of communications in interstate commerce or by use of the mails; and that such misrepresentations and concealments constituted violations of the Securities Act of 1933 or the Securities Exchange Act of 1934. Venue and jurisdiction are grounded upon provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934.

The motion to transfer is made pursuant to the provision of the Judicial Code which allows such transfer "[f]or the convenience of the parties and witnesses, in the interest of justice."

■ It is of course well established that the forum selected by plaintiff as an appropriate forum for trial of the case may not lightly be disregarded. Ford Motor Co. v. Ryan, 182 F.2d 329, 330 (2d Cir. 1950), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950).

■■ The burden is upon the defendants, the moving parties, to establish a basis for transferring this action to another district. There is no dispute that the district to which they seek transfer is a district where the action might have been brought since all the defendants are found or are inhabitants of or transact business in such district.

The papers establish without any substantial controversy that this is a complex case which will require a protracted trial. The evidence to be presented will, to a substantial extent, consist of facts and records largely in defendants' possession. The principal place of business of defendant Atlantic Research Corporation is in Alexandria in the Eastern District of Virginia.

The convenience of witnesses is a factor which must be taken into account. Plaintiffs contend that they will require three witnesses from New York and one from Boston to prove their claim. Defendants list thirty-five witnesses, all of whom are in or near to Alexandria, Virginia. In the very nature of the action, however, a large part of the evidence will be documentary. A substantial part of it must necessarily come from the books, papers and records of Atlantic Research Corporation. Defendants allege that "if a trial of this action takes place in New York this would require many officers and employees of defendants to spend many days away from their duties which are almost exclusively on missile and rocket and security classified research for the Defense Department of the United States." Defendants also urge that the necessary records for its defense, which would include accounting records, legal files, minute books and financial data "are so massive they would have to be carried to New York in truck loads."

While the Court recognizes that some of these allegations may be exaggerated hyperbole, nevertheless, the nature of the action is such that the Court can well conclude that it would be disruptive to the business of this defense contractor to transport its records to New York for a long and protracted trial and to keep its officers and employees away for a long period of time from their regular place of business. On the other hand, there would seem to be no comparable disadvantage to the plaintiffs to have their witnesses from New York and Boston go to Alexandria for the trial.

■ Even more important, however, is the fact that it appears without controversy that there are three actions similar to the present one pending in the Eastern District of Virginia. One of the actions pending in the Eastern District of Virginia has now reached the pre-trial stage. It appears that if this action were transferred to the Eastern District of Virginia, this action and the other three would probably be assigned to the same judge, since essentially the same types of issues are involved. This is a factor which should be taken into account by the Court. See, Rodgers v. Northwest Airlines, Inc., 202 F.Supp. 309, 313 (S.D. N.Y.1962).

> "The benefits and advantages to all parties in having the related actions considered in one jurisdiction under one judge are obvious. Pre-trial proceedings can be conducted more efficiently, duplication of time and effort can be avoided and the benefit to witnesses and to the parties calling them in having them attend only once at one location is plain. * * "

■ It is to the advantage of the parties that a prompt determination be made of the issues in this case. Therefore a factor which must be taken into consideration is the relative congestion of the dockets as between the transferor and the transferee districts. The annual report of the Director of the Administrative Office of the United States Courts for the fiscal year ending June 30, 1963 reported that in the Southern District of

New York the median time intervals from issue to disposition of civil cases was thirty-four months in all cases and twenty-six months in non-jury cases; he reported that the same median time intervals in the Eastern District of Virginia were eight months in all cases and seven months in non-jury cases. This difference in the time in which it takes a case to be reached for trial is due to the volume of litigation in the Southern District of New York, in which court approximately one-fifth of all federal litigation originates. If there is a court which is an appropriate forum for the trial of this case, which is convenient to the parties and witnesses and which can try the case much sooner than the case can possibly be reached in this court, it is to the advantage of the parties and to the administration of justice that the case be tried in that court.

■ Defendant also urges that only fourteen of the thirty-five witnesses listed in its affidavit are officers and employees of defendant company and that this means that some of the other essential witnesses might refuse to come to New York and could not be compelled to do so, whereas all, except two, are amenable to subpoena in the Eastern District of Virginia. It is obvious that oral testimony at the trial is much better than testimony by deposition and availability of compulsory process for attendance of unwilling witnesses is a factor which must be taken into consideration in determining the interests of justice.

Plaintiffs have shown no good reason why it would be materially inconvenient for them to have the case tried in the Eastern District of Virginia. The amount involved is substantial enough to warrant taking their witnesses to that court, particularly in view of the fact that prompt trial can be had there and prompt and complete production of defendants' records can easily be obtained in that district.

Plaintiffs ask that any transfer to the Eastern District of Virginia be conditioned upon the requirement that defendants may not thereafter claim that the action is barred by the Virginia statute of limitations. This request is a reasonable one. It would not be in the interest of justice to transfer this action to the Eastern District of Virginia if, after transfer, defendants were to claim that the action is barred by the statute of limitations of Virginia.

In the interest of justice, and for the convenience of parties and witnesses, the Court, pursuant to the provisions of Section 1404(a) of Title 28 U.S.C., transfers this action to the United States District Court for the Eastern District of Virginia, Alexandria Division, conditioning such transfer upon the requirement that defendants not thereafter claim that the action is barred by the Virginia statute of limitations.

Submit order in accordance herewith.