Robert GERMAIN, Individually, and d/b/a Germain Engraving, Plaintiff,

v.

SEMCO SERVICE MACHINE CO., INC. and Semco Services, Inc. and Service Machine Co., Defendants.

No. 77 C 730.

United States District Court, E. D. New York.

June 7, 1978.

Patterson, Belknap, Webb & Tyler, New York City, for plaintiff.

Seward & Kissel, New York City, for defendants.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

The complaint in this case alleges that plaintiff Robert Germain owned a certain "unique embossing machine" which defendant Semco Service Machine Co. ("Semco") agreed to repair. Semco allegedly made the repairs improperly, and the complaint states claims for relief sounding in tort, warranty and contract under New York law. The action was originally brought on or about March 18, 1977 in Queens County Supreme Court and was removed by defendant to this court on April 15, 1977. Defendant has answered and filed counterclaims seeking to recover for the repairs made upon plaintiff's machine.

Plaintiff now moves to dismiss the complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides in pertinent part as follows:

[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plain-

tiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

The parties agree that defendant's counterclaim "can remain pending" in this court even if the complaint is dismissed. Thus the only question is whether the plaintiff is entitled to an order dismissing the case, and if so what terms should be imposed.

■ In passing on a motion for an order of dismissal this court must weigh the advantages to plaintiff of being permitted to recommence his action against the possible prejudice to defendant of having to defend a new lawsuit. See, e. g., *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976); *American Cyanamid Co. v. McGhee*, 317 F.2d 295 (5th Cir. 1963).

■ In the present case plaintiff seeks to recommence the action in New Jersey, and claims it would gain two advantages by doing so. First, it would avoid an inadvertent waiver of the right to a jury trial in this district. And second, it would gain the benefit of the New Jersey statutes of limitations, which exceed the New York statutes of limitations at least as to some of the plaintiff's claims for relief.

The first claimed advantage is an inadequate basis for granting the motion. In *Noonan v. Cunard Steamship Co.*, 375 F.2d 69 (2d Cir. 1967), where leave was denied to discontinue for the sole purpose of overcoming an inadvertent failure to demand a jury, the court said:

"Several of the most important reasons for deferring to the trial judge's exercise of discretion . . . are inapposite when a question arising in advance of trial can be stated in a form susceptible of a yes-or-no answer applicable to all cases. Whether dismissal without prejudice should be allowed simply to permit a plaintiff to overcome an inadvertent failure to make a timely jury demand without other excuse, is a question of that sort . . . The desirability of achiev-

ing consistency among district judges in the same circuit on such an issue and of avoiding judge-shopping outweighs that of appellate deference to a determination of the district judge on a preliminary procedural matter . . .

"Moreover, to allow leave to discontinue without prejudice solely for this purpose would work a discrimination, for which we see no sufficient justification, in favor of plaintiffs whose attorneys have been guilty of inadvertent neglect in demanding a jury trial as against defendants similarly situated." [Footnote omitted] *Id.* at 71–72. Plaintiff argues that this case is distinguishable because the plaintiff in the *Noonan* case intended to refile his complaint in the same court. However, the opinion in that case, while it did place some emphasis on consistency in the same circuit, also based the holding on the discrimination which would have resulted had the motion been granted.

■ With respect to a plaintiff's application to dismiss the complaint pursuant to Rule 41(a)(2) in order to take advantage of a longer statute of limitations in another forum there are few recent reported decisions.* In deciding the motion the court must weigh the prejudice that would befall a defendant if such a motion were granted against the effect of holding a plaintiff in a forum which he could only have chosen through ignorance of the applicable law.

Defendant claims prejudice if the motion is granted because it will lose the benefit of New York's shorter statute of limitations. But this assumes that with the filing of the complaint the defendant acquired a vested interest in the erroneous judgment of plaintiff's counsel in having sued in New York. Since litigants generally ought not to be disadvantaged by such errors of counsel, this should not weigh heavily in the scales.

Rule 41(a)(2) rather contemplates a consideration of the prejudice that defendant will incur due to duplication of effort. The further along a case has proceeded, the more the prejudice to the defendant in

---

* Compare *Love v. Silas Mason Co.*, 66 F.Supp. 753 (W.D.La.1946) (denying plaintiff's motion), with *Klar v. Firestone Tire & Rubber Co.*, 14 F.R.D. 176 (S.D.N.Y.1953) (granting the motion).

granting the plaintiff's motion to dismiss. Thus where an answer has not been filed, a plaintiff may dismiss his complaint on his motion under Rule 41(a)(1). Where, however, the case is ready for trial it is rare to allow plaintiff to dismiss the complaint without prejudice. See 5 Moore's Federal Practice ¶ 41.05[1].

In the present case the parties have reached only the preliminary stages of discovery, and there will be little duplication of effort if the motion is granted. Most of the interrogatories on each side seek information relevant whether the case is tried in New York or New Jersey, and this court will impose as a condition of granting of the motion that plaintiff agree that these interrogatories and the answers may be used in the New Jersey court.

Defendant has, however, been put to some effort and expense that will have been wasted if the case is dropped in New York. For example, the question was raised as to personal jurisdiction over the defendant in New York, and some of the parties' interrogatories were addressed to this issue. Under the circumstances it is appropriate to impose upon the plaintiff as an additional condition that it pay $500 as attorneys' fees.