**PLACID OIL COMPANY,**
Plaintiff-Appellee,

v.

**ASHLAND OIL, INC.,**
Defendant-Appellant.

No. 5–117.

Temporary Emergency Court of Appeals.

Argued Nov. 25, 1985.

Decided March 6, 1986.

Order on Denial of Rehearing
June 2, 1986.

Fred W. Drogula, Patricia A. Blair (argued), Hilary Harp, and Ginsburg, Feldman and Bress, Chartered, Washington, D.C., for defendant-appellant.

Allen Weed (argued), Mark A. Petzinger (argued), and Shank, Irwin & Conant, Dallas, Tex., for plaintiff-appellee.

Before CHRISTENSEN, ESTES and DUNIWAY, Judges.

DUNIWAY, Judge:

This case presents two technical questions: whether this court has jurisdiction,

and whether, on appeal from a judgment of dismissal without prejudice, we can review denial of a motion for partial summary judgment. It also presents a question of what remedy is available when a party repeatedly says that it has abandoned or will abandon certain claims with prejudice and then does not do so. In this respect, this case is almost sui generis to the members of this panel.

## I. *Facts.*

Placid Oil Company filed this action in Texas state court in Dallas on March 20, 1985. The pertinent parts of Placid's petition read:

4. Heretofore, Plaintiff sold and delivered to Defendant certain quantities of crude oil and thereafter, certified, or recertified, as the case may be, certain amounts of those quantities of crude oil which qualified for certification or recertification under the Tertiary Incentive Program and pursuant to applicable regulations of the United States Department of Energy. Such regulations permitted Plaintiff to certify or recertify the price payable for such crude oil sold and delivered to Defendant and to invoice such amount to Defendant. Defendant was legally obligated to pay said amounts so certified or recertified.

5. Plaintiff has invoiced Defendant the sum of $2,921,655.08 for the price of crude oil sold and delivered to Defendant and certified pursuant to said Tertiary Incentive Program. Defendant has failed to pay for said crude oil as invoiced, for which it now owes Plaintiff said sum.

(Record pp. 1–2.)

Ashland Oil removed the action to the United States District Court, on the basis of diversity of citizenship.

Meanwhile, On March 29, 1985, Placid filed a substantially identical action against Ashland in Louisiana state court. That action has been removed to the United States District Court in Louisiana, and is still pending there. In the Louisiana case, Placid attached copies of its invoices to Ashland which formed the basis of both actions. The Louisiana case has been stayed, pending disposition of this action.

On May 10, Ashland moved to dismiss the Texas action. It changed its motion to one for summary judgment on May 17. Copies of the invoices, thirteen in number, were attached to its motion. In this appeal, we are concerned with six of them, as follows:

Ex.

1. Invoice No. 20940—Searcy Mixture
Date: February 4, 1981
Amount: $216,839.64
2. Invoice No. 20952—Ship Shoal
Date: February 9, 1981
Amount: $18,283.78
3. Invoice No. 20954—Searcy Mixture
Date: February 10, 1981
Amount: $516,544.61
6. Invoice No. 21039—Searcy Mixture
Date: March 4, 1981
Amount: $685,503.28
8. Invoice No. 21077—Searcy Mixture
Date: March 23, 1981
Amount: $129,337.22
12. Invoice No. 21165—Searcy Mixture
Date: April 30, 1981
Amount: $106,292.06

(Record pp. 24–25.)

Ashland argued before the District Court that the first three are barred by Texas' four year statute of limitations. Ashland has abandoned its claim that, as a matter of law, Placid did not certify the sales represented by the remaining 7 invoices in the manner required by Federal regulations.

Placid did not respond directly to Ashland's motion for summary judgment. Instead, on June 12, 1985, it filed a Motion for Voluntary Dismissal, under F.R.Civ.P. 41(a)(2). The only reason given by Placid in support of its motion was:

Two suits were filed by Placid in order to preserve its cause of action pending a determination of which state would be the most appropriate forum. Placid has

now concluded that Louisiana would be the most appropriate forum for its action. Accordingly, Placid now seeks a dismissal of this Texas action so that it may pursue its claims in the proper forum.

(Record p. 84.)

Neither party has told us why Louisiana is "the most appropriate forum," but Ashland points out that it is arguable that the applicable Louisiana statute of limitations is a ten year statute, while Texas has a four year statute.

Later, on June 18, Placid did file a brief in opposition to Ashland's motion for summary judgment. (Rec. at 87.) In that brief it argued:

Although Placid does not object to the use of the four year statute of limitations, Placid will demonstrate that invoice numbers 21021 (Ex. 4), 21027 (Ex. 5), 21039 (Ex. 6) and 21054 (Ex. 7) are not time barred.

(Record p. 91.)

In the same brief, Placid said:

Placid hereby abandons the following invoiced claims: 20940, 20952, 20954, 21077 and 21165. (Record at 98.)

These are Exhibits 1, 2, 3, 8, and 12.

In its "Conclusion," on the same page, Placid again said:

Finally Placid abandons any claims as to invoice numbers 20940, 20952, 20954, 21077 and 21165. (Id.)

These claims total $987,297.31.

In its response to Placid's brief, Ashland argued that on the basis of this statement, the court should grant summary judgment for Ashland on those claims. (Record 107–108.)

Ashland also argued that it was entitled to summary judgment on exhibit 6, invoice 21039, dated March 4, 1981, because it is barred by the Texas four year statute. (Id. at 107.) An affidavit supplied by Placid states that the invoice was mailed on March 4. (Id. at 103.) An affidavit supplied by Ashland shows that it was received by Ashland on March 5. (Id. at 118–19.) Nowhere in the record is this

contested. In its brief in opposition to summary judgment, one of Placid's arguments was that this invoice arose from the sale of Searcy Mixture crude oil, as the invoice states, and that under a former, cancelled contract between the parties, relating to such oil, payment was to be made by the buyer within ten days of receipt of the invoice. The contract is in evidence, Record p. 39, and that is what it says, (SECTION VI—PAYMENT), Rec. 44–47.

The trial court, in a brief opinion, concluded that there were questions of fact as to whether any of the invoices were barred by limitations and whether there were proper certifications under Federal regulations, and denied summary judgment. It then granted the motion to dismiss, without prejudice, so that Placid could pursue its Louisiana case. (Rec. 126–28.)

In its Response to Plaintiff's [Placid's] Reply Brief to Motion for Summary Judgment, Ashland refers to Placid's statement that it abandons the five claims, asks for summary judgment on them, argues that Ex. 6, invoice No. 21039, is barred by the four year Texas statute, and asks for summary judgment on that claim. It then says:

3. Ashland agrees that there are factual questions concerning the remainder of Placid's claims. Accordingly, to the extent the remainder of the case is not dismissed (see B below), Ashland intends to pursue discovery and will renew its motion for summary judgment on these claims when and if appropriate.

(Record p. 108.)

To the extent that this Court grants summary judgment on the six invoices which are either uncontested or clearly fall under the limitations period, Ashland does not object to voluntary dismissal as to Placid's claims on the remaining invoices. However, to the extent Placid seeks a dismissal without prejudice on all its claims, this Court should not grant Placid's motion for a dismissal without first entering summary judgment on—or dismissing with prejudice—(1) Placid's claims on invoices 20940, 20952, 20954,

21077 and 21165, which Placid concedes are barred by limitations, and (2) Placid's claim on invoice 21039 as to which there is no question of fact and which also is barred by limitations.

(Record p. 109.)

Accordingly, to the extent that this Court retains jurisdiction over the remaining part of the case (*see* Section B below), Ashland does not, at this time, object to the denial of its motion for summary judgment on invoices 21021, 21027, 21054, 21100, 21123, 21129, 68703, subject to the renewal of the motion after necessary and appropriate discovery.

(Record p. 112.)

To the extent this Court grants Ashland summary judgment on the six invoices discussed above (*see* pps. 1130–1131 *supra*), Ashland does not object to Placid's invoice claims.

(Record p. 113.)

In a letter to the District Judge, designated "letter brief by Plaintiff," counsel for Placid stated:

As noted in its Brief, Placid has abandoned any claims it may have for payment of five (5) crude oil invoices (numbers 20940, 20952, 20954, 21077 and 21165). (Record p. 121.)

Argument followed in favor of permitting voluntary dismissal of the remaining invoice claims. Then came this:

Placid reiterates its intent to abandon claims numbers 20940, 20952, 20954, 21077 and 21165. Placid, however, does not concede that such claims are barred either by the statute of limitations or by compliance with DOE regulations. In fact, Placid hotly disagrees with Ashland's analysis regarding these invoices. It would be more appropriate, however, for a Louisiana court to enter judgment on these claims as it would be passing on the merits of Placid's entire action. Further, this Court would not have to enter a partial judgment on a case which was subsequently pursued in Louisiana, and on claims which arose out of the sale of oil produced and purchased in Louisiana. If Ashland has any reservations regarding Placid's intentions, Placid would enter into a consent order of dismissal as to these five (5) claims in the Louisiana action.

(Record pp. 122–23.)

In a letter to Ashland's counsel dated September 17, 1985, counsel for Placid stated:

This letter is to confirm to you that Placid Oil Company intends to voluntarily dismiss *with prejudice* any claims it may have for the following five crude oil invoices: 20940, 20952, 20954, 21077 and 21165. (Emphasis added).

I have been informed by Placid's in-house counsel that Louisiana counsel has been instructed to dismiss these claims in that action. As I told you in our last phone conversation, the above claims will be dismissed in Louisiana shortly.

Placid intends to stand behind its representations to the Court of abandonment of these five claims as stated in its letter to the Court of August 15, 1985.

(Record p. 123.)

Ashland states, in its brief to this court:

On October 1, 1985, three days before Ashland's time to appeal in the instant case was to expire, Placid's Louisiana counsel informed Ashland that Placid would not dismiss, with prejudice, the five "abandoned claims" from the Louisiana suit. (Brief p. 11.)

Nowhere in Placid's brief do we find a denial of this statement. However, Placid has filed a "Supplemental Record" containing a letter dated October 30, 1985, long after the appeal was filed, from its Louisiana counsel to Ashland's Louisiana counsel, in which its counsel offers to dismiss the five claims in the Louisiana case if Ashland will consent to lifting the stay in that case. The letter states:

As you will recall, we previously agreed upon the deletion of five invoices, which form the basis for the Complaint. The following five invoices would be deleted from the respective allegations set forth in the Complaint. (Supp. Rec. 2.)

It then lists the five invoices.

Ashland's reply brief contains, in an appendix, its Louisiana counsel's response,

dated November 8, 1985, to the October 30 letter. The November 8 letter states, in part:

> The only agreement that I am aware of was between Placid's Dallas counsel and Ashland's Washington counsel. That agreement was that Placid would dismiss its claim *with prejudice* in the Louisiana litigation as to the five named invoices.
>
> During our previous telephone conversations you advised that your instructions from Placid were not to dismiss these five invoices with prejudice, but rather, to seek a deletion of the invoices without prejudice. This was obviously contrary to the prior agreement. During our conversation of October 28, 1985, you again confirmed that Placid would not dismiss with prejudice and your letter of October 30, 1985, reconfirms Placid's position.
>
> ... I again reiterate that we have never had an agreement as stated in your letter, and further, my statements to you, prior to the time that Ashland took its appeal, were that Ashland would comply with the prior agreement made between Dallas counsel for Placid and Washington counsel for Ashland that these five invoices be dismissed with prejudice. It was only after you advised that Placid would not follow the prior agreement and would only agree to a deletion without prejudice that Ashland filed its appeal.
>
> So far as we are advised, there the matter rests.

## II. *The Applicable Statutes and Regulations.*

During the times involved here, the sale of crude oil was controlled under the Emergency Petroleum Allocation Act of 1973, as amended (15 U.S.C. §§ 751 *et seq.* "EPAA") and regulations issued under authority of that Act. Under the regulations then in effect, so-called third tier oil could be sold at free market prices, providing that it was in fact third tier oil, and provided further that it was timely certified by the producer to the buyer to be third tier oil. 10 C.F.R. § 212.131. Certification was to be not more than two months after sale. § 212.-131(a)(6). The oil here involved is "tertiary crude" from declining wells. *See* 15 U.S.C. § 757(j)(1)(A) and 10 C.F.R. § 212.78. *See also* 44 Fed.Reg. 18677 (1979). In this case, it is not argued that the crude oil sold by Placid to Ashland was not tertiary crude. The only questions raised are the statute of limitations and whether certification was timely, plus Placid's welshing on its commitment to abandon the claims based on the five invoices.

## III. *Jurisdiction.*

### A. *TECA Jurisdiction.*

■ This Court has exclusive jurisdiction on appeal from the district courts "in cases and controversies arising under this title or under regulations or orders issued thereunder." Economic Stabilization Act of 1970, 12 U.S.C. § 1904, note, § 211(b)(2). This grant of jurisdiction is extended by the Emergency Petroleum Allocation Act, 15 U.S.C. § 754, to cases and controversies arising under that act.

This is such a case. The complaint, which we have quoted, makes this clear. Placid's right to recover, if it has one, is based on the requirements of EPAA and the DOE regulations under it. These required that Placid continue, after cancellation of its contracts with Ashland, to supply crude oil to Ashland, and its compliance with the regulations by showing that the oil sold was sold in compliance with the regulations, and at a price permitted by the regulations. These issues were expressly tendered in the complaint.

We have said several times that even if the case is one arising under EPAA, our jurisdiction depends on "the nature of the issue that is presented to us and not [on] the nature of the case or controversy presented below." *MGPC, Inc. v. Department of Energy,* Em.App.1982, 673 F.2d 1277 at 1281, citing *Gulf Oil Corp. v. Department of Energy,* Em.App.1981, 639 F.2d 766, 767. *See also Stertz v. Gulf Oil Corp.,* Em.App.1986, 783 F.2d 1064, 1068–1069; *Department of Energy v. West Texas Marketing Corp.,* Em.App.1985, 763

F.2d 1411, 1421–1422; *Scallop Corp. v. Tully*, 2 Cir., 1983, 705 F.2d 645, 646–647.

Placid argues that no EPAA issue is presented to us, because a discretionary dismissal of the action, without prejudice, and questions as to the statute of limitations, and the denial of summary judgment because there is conflicting evidence as to the sufficiency of Placid's certifications, are not such issues. We do not agree.

As we have shown, Placid's action certainly arises under EPAA, and the questions in the case going to the merits are certainly EPAA questions. Placid could not recover without proving compliance with EPAA and the regulations. Here, the trial court's order terminated the litigation. To that extent, it is a decision of EPAA questions.

In *MGPC, supra,* we said:

> With respect to the subject matter thus defined, and except for a restriction not here relevant, we have the full powers of a circuit court of appeals. 12 U.S.C. § 1904 note, § 211(b)(1). This power includes the power to resolve those subsidiary, procedural and threshold questions—such as mootness, standing and ripeness—that are incidental to questions that are within our jurisdiction, because the power to do so is normal and necessary to the functioning of any appellate court.

673 F.2d at 1281. Similarly, in *Stertz, supra,* we said:

> TECA has jurisdiction to decide certain questions that do not "aris[e] independently of the substantive [ESA] claim or cause of action" and have "no life apart from that substantive [ESA] claim." *Quincy Oil, Inc. v. Federal Energy Administration,* 620 F.2d 890, 893 (Temp. Em.Ct.App.1980). Such "subsidiary, procedural," or "threshold" questions include mootness, procedure, venue, ripeness, and exhaustion of administrative remedies. *Id.* (citing cases in which TECA addressed these questions).

783 F.2d at 1069.

■ Here, the grant of the motion for leave to dismiss without prejudice is surely a "subsidiary, procedural and threshold question" (*MGPC* and *Stertz, supra*), and it is more closely related to the EPAA issues than the questions decided in those cases, because it terminated the EPAA lawsuit.

B. *Review of Denial of Summary Judgment.*

■ Ordinarily, denial of a motion for summary judgment is not appealable because it is an interlocutory order. *Pitney Bowes, Inc. v. Mestre,* 11 Cir., 1983, 701 F.2d, 1365, 1368; *Bertrand v. International Mooring & Marine, Inc.,* 5 Cir., 1983, 700 F.2d 240, 243 n. 6; *Ardoin v. J. Ray McDermott & Co.,* 5 Cir., 1981, 641 F.2d 277, 278. When a final judgment is rendered, the issues presented in the motion for summary judgment will usually be subsumed in the judgment, and reviewable on appeal from the judgment. The motion is, in effect, rendered functus officio by the judgment, and denial of summary judgment will not be reviewed on appeal even if it was error.

Here, however, the situation is different. The order of dismissal without prejudice terminates the litigation and is appealable for that reason. But it does not decide the issues presented in the motion for summary judgment. We conclude that, in the peculiar circumstances of this case, we can and should review denial of the motion for summary judgment insofar as it denies summary judgment on the five abandoned invoices and denies summary judgment on the sixth invoice. The Second Circuit has held that an order denying a motion for summary judgment may be reviewed if the review is sought in conjunction with review of an appealable interlocutory order. *See State of New York v. Nuclear Regulatory Commission,* 2 Cir., 1977, 550 F.2d 745, 759, citing *Hurwitz v. Directors Guild of America, Inc.,* 2 Cir., 1966, 364 F.2d 67, 70, and the panel's decision in *Sanders v. Levy,* 2 Cir., 1976, 558 F.2d 636, 642–43, aff'd in banc, 558 F.2d at 646. In those cases the companion appealable order was interlocu-

tory; here, it is final, but that should make no difference. To do justice in this case, we must review the denial of the motion for summary judgment, and we now proceed to do so. "Once a case is lawfully before a court of appeals it does not lack the power to do what plainly ought to be done." 9 Moore's Fed.Prac. ¶ 110.25[1] at 273 (1985). *Morgan Guaranty Trust Co. of New York v. Martin,* 7 Cir., 1972, 466 F.2d 593, 599–600, citing 28 U.S.C. § 2106.

## IV. *The Merits.*

### A. *The Five Invoices.*

■ We conclude that in this particular case it was error, and reversible error, to grant Placid's motion to dismiss without prejudice. Placid's changes of position about its abandonment of part of its claim based on the five invoices is the kind of monkey business that no court should tolerate. When counsel made the commitments that Placid's counsel made, the court should have insisted on performance, but it did not do so. For that reason alone, the order appealed from must be reversed. When our mandate goes down, the trial court must enter a partial summary judgment against Placid and in favor of Ashland on the portion of Placid's claim that rests upon those five invoices. Nothing less can restore a modicum of ethical behavior to this case.

### B. *The Sixth Invoice.*

Placid argues that it and Ashland had, by their conduct under the three contracts between them, following an industry practice of allowing 30 days from the date of invoice for payment, supplied "non-essential terms to the contract," citing the Texas Bus. & Com.Code Ann., §§ 2.208 and 2.202 (Tex.U.C.C.) (Vernon 1968). However, this argument is not available to Placid. As we have seen, the contract contains its own requirement as to time of payment—within ten days of receipt of invoice. And the EPAA required that Placid maintain the contract's existing credit terms. 10 C.F.R. § 210.62.

■ The fact that Placid has accepted later payment is evidence only of a waiver

by it of its right to insist upon payment within 10 days of receipt of the particular invoice involved. It does not evidence a waiver by Ashland of its right to rely on the 10 day requirement as starting the running of the statute of limitations. Thus, the record is uncontradicted. The statute of limitations began to run on March 16, 1981, more than four years before the action was filed on March 20, 1985. Ashland is entitled to summary judgment on the sixth invoice.

■ Placid argues that losing the benefit of the Texas statute of limitations by having the case heard in Louisiana is not the kind of prejudice that justifies retaining the case in Texas and giving Ashland the protection of the Texas statute. We do not agree. The case would be different if Placid had moved to dismiss under Rule 41(a)(1)(i), F.R.Civ.P., before Ashland filed its motion for summary judgment. Because Placid did not do so, dismissal must be by order of court, "and upon such terms and conditions as the court deems proper." Rule 41(a)(2).

What Judge Learned Hand said a good many years ago, in *Young v. Southern Pacific Co.,* 2 Cir., 1928, 25 F.2d 630 at 632, about a motion to remand a state court action from federal court, is equally applicable here:

> [T]he situation changes when there is substantial doubt whether the courts will not apply different rules, and when the plaintiff's purpose is so to maneuver the litigation that the defendant will lose his existing advantage. The loss of the federal forum then becomes a grave prejudice. . . .

As the court said in *Lecompte v. Mr. Chip, Inc.,* 5 Cir., 1976, 528 F.2d 601, 604:

> When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. 9 Wright & Miller, *Federal Practice & Procedure: Civil,* §§ 2362, 2364, at 149, 165 (1971).

See also Williams v. Ford Motor Co., 8 Cir., 1980, 627 F.2d 158, 160; Home Owners Loan Corp. v. Huffman, 8 Cir., 1943, 134 F.2d 314, 318, quoting Judge Hand, supra.

The two cases on which Placid particularly relies are not to the contrary. In New York Petroleum Corp. v. Ashland Oil, Inc., Em.App.1985, 757 F.2d 288, we upheld a dismissal without prejudice. We said that "the mere fact the defendants are exposed to another suit is not [] prejudice." Id. at 295. We were unable to find prejudice, expressing doubt that there would be another suit, and assuming that if there were one it would be subject to the statute of limitations. Id. & n. 5. That is a far cry from this case. Lumbermen's Mutual Casualty Co. v. Wright, 5 Cir., 1963, 322 F.2d 759, 765, is not in point either. It dealt with a conflict between a Louisiana Code and Rule 41, not with forum shopping between two federal district courts.

### V. Conclusion.

The order appealed from is reversed.

The district court shall enter a partial summary judgment in favor of Ashland and against Placid on the claims based upon invoices numbered 20940, 20952, 20954, 21039, 21077, and 21165.

Having done so, the court may again consider Placid's motion under Rule 41(a) for voluntary dismissal of the remaining claims.

### ORDER ON PETITION FOR REHEARING

Placid's Oil Company's petition for a rehearing invokes, only after the appeal has been decided by us on the merits, the rule that, if a state court lacks jurisdiction of a claim for relief because it is a claim over which the federal courts have exclusive jurisdiction, and the case is removed to federal court, the action must be dismissed by the federal court. This is because the jurisdiction of the federal court is "derivative" from that of the state court, so that the federal court also lacks jurisdiction. The rule has been criticized. See 1A, Moore, Federal Practice ¶ 157[3] at 86 (2d

Ed.1965); State of Washington v. American League of Professional Baseball Clubs, 9 Cir., 1972, 460 F.2d 654, 658–59. One of the troubles with Placid's position is that the proposed Judicial Improvements Act of 1985, in section 3, would add to 28 U.S.C. § 1441 subsection (e), which abolishes the rule for all cases filed after the effective date of the Act. See Cong.Rec. Senate April 11, 1986, p. S4150. The bill has passed both houses, but the two versions are to be reconciled.

■ However, we do not find the rule applicable here, by reason of the particular circumstances of this case and the distinctive statutory provisions involved. Placid's complaint, while it referred to the crude oil sold as being properly certified (and hence free of price control) did *not* charge a violation of the regulations. Thus, on the face of the complaint, the state court had jurisdiction. The action was one for the recovery of an allegedly lawful price. In our opinion on the appeal, we dealt with our jurisdiction, not that of the state court. They do not necessarily coincide. See Coastal States Marketing, Inc. v. New England Petroleum Corp., 2 Cir., 1979, 604 F.2d 179, 186.

■ Ashland argues that Section 210(a) of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904, note, is the applicable statute. That section is entitled "Suits for damages or other relief," and states, in part, "Any person suffering *legal wrong* because of any act or practice arising out of this title, or any order or regulation issued pursuant thereto, *may* bring an action in a district court of the United States ... for appropriate relief, ..." including, under § 210(b), treble damages (Emphasis ours). Ashland argues that the section does not state that the jurisdiction of the federal court is exclusive, and therefore, the state court had jurisdiction in this case. The trouble with Ashland's position is that Placid's complaint did not charge such a *legal wrong*. It simply charged nonpayment for oil not subject to a ceiling price.

Placid argues that § 211 of ESA is applicable. But if it is, that does not help Placid. The section is entitled "Judicial review." Subsection (a) reads, in part, "The district courts of the United States shall have exclusive original jurisdiction of cases or controversies arising under this title ... except that nothing in this subsection ... affects the power of any court of competent jurisdiction to consider, hear and determine any issue by way of defense ... raised in any proceeding before such court." It further provides for removal to a federal district court if such a defense based on the validity of the statute or regulations under it is raised in a state court. Clearly, the section contemplates continued state court jurisdiction in an action where violation of the Federal statute or regulations are not charged in the complaint.

Placid, which now argues to the contrary, sufficiently invoked the jurisdiction of the state court in the first instance. Ashland did not remove the action to the federal court in reliance upon § 211(a). It was removed on the basis of diversity of citizenship. The federal court acquired jurisdiction by this removal.

Petition denied.