Bill **PHILLIPS**, Plaintiff–Appellant,

v.

**ILLINOIS CENTRAL GULF RAILROAD**, Defendant–Appellee.

No. 88–3262.

United States Court of Appeals,
Fifth Circuit.

June 7, 1989.
Rehearing Denied July 3, 1989.

Walter J. Suthon, III, Joe M. Inabnett, New Orleans, La., for plaintiff-appellant.

David S. Kelly, Bryan C. Misshore, New Orleans, La., for defendant-appellee.

Before GEE, THORNBERRY and POLITZ, Circuit Judges.

GEE, Circuit Judge:

### Facts and Proceedings Below

The plaintiff brought this personal injury action against Illinois Central Gulf Railroad (ICG) more than one year, but less than two, after the accident that forms its basis. The plaintiff is a Texas resident; ICG is a Delaware corporation whose "presence" in Texas, Louisiana and Mississippi varies and is not clear in the record. The accident occurred in Louisiana. The statute of limitations for this case is two years in Texas, one year in Louisiana and six years in Mississippi.

Initially, the plaintiff filed suit in Texas state court. ICG removed the case to the Western District of Texas and filed a motion to dismiss for lack of personal jurisdiction and a motion to transfer. During the three month pendency of ICG's motion, the plaintiff conducted no discovery on any issue of personal jurisdiction, did not request dismissal without prejudice under Rule 41(a)(1) or (2), and made no request that, if ordered, the transfer be to any specific state—such as Mississippi. Moreover, the plaintiff declined or neglected to inform the court that his case was time-barred in Louisiana. At the hearing on ICG's motion, Judge Bunton held that the plaintiff failed to establish that ICG had sufficient contacts with Texas to warrant his exercising personal jurisdiction over ICG and transferred the case to the Eastern District of Louisiana, giving no indication whether the transfer was based on 28 U.S.C. § 1404(a) or on § 1406(a).[1]

When the case arrived in Louisiana, ICG filed a motion for summary judgment on the ground that the action was time-barred under Louisiana's one-year prescriptive period. In response, the plaintiff filed a motion to amend the transfer order to send the case to Mississippi, a motion to retransfer the case to the Western District of Texas, and a motion to dismiss without prejudice under Rule 41(a)(2). The court granted ICG's motion for summary judgment and, given the "procedural posture" of the case, denied the plaintiff's motion to dismiss without prejudice, as well as his other motions. The court dismissed the case with prejudice.

### Analysis

I. Plaintiff's Motion To Dismiss Without Prejudice

The plaintiff contends that the district court erred in denying his motion to dismiss without prejudice. Because the defendant in this action had filed an answer

---

1. These read as follows:
   § 1404.
   (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

   § 1406.
   (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

and a motion for summary judgment, the plaintiff's motion to dismiss is governed by Fed.R.Civ.Proc. 41(a)(2). This rule states, in relevant part,

> ... An action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Usually a court will grant a Rule 41(a)(2) motion providing for a dismissal without prejudice unless the defendant will suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts. *Durham v. Florida East Coast Rwy. Co.,* 385 F.2d 366, 368 (5th Cir.1967). Dismissal without prejudice under this rule is, however, within the sound discretion of the trial court and may be reviewed only for an abuse of that discretion. *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir.1986) (citations omitted). We must, therefore, determine whether the district court abused its discretion in denying the plaintiff's motion.

Before us, the plaintiff maintains that, in denying his motion to dismiss without prejudice, the district court erroneously concluded that the pendency of the defendant's motion for summary judgment advancing a limitations defense automatically precluded granting that motion. In his view, the pendency of such a summary judgment motion should be irrelevant in a transferred case and should be only one of many factors to be considered even where the plaintiff has selected the forum. He further contends that a dismissal without prejudice while a motion for summary judgment on a statute of limitations defense is pending should be denied only if the plaintiff has been guilty of bad faith or abusive practices. That being so, because he did not select the forum or engage in abusive practices, in his view the district court abused its discretion in denying his motion.

In support of his contentions the plaintiff cites *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855 (11th Cir.1986). In *McCants* the plaintiff brought a wrongful death action in Alabama based on an accident that had occurred in Mississippi. As the case progressed, the defendant amended its answer to assert that the action was barred by the applicable Alabama statute of limitations. In consequence of the amendment, the plaintiff sought dismissal without prejudice under Rule 41(a)(2). The defendant objected to the dismissal, arguing that the loss of a statute of limitations defense constituted plain legal prejudice which prevented dismissal.

In upholding the district court's order granting the plaintiff's motion to dismiss, the Eleventh Circuit stated:

> ... [T]he likelihood that a dismissal without prejudice will deny the defendant a statute of limitations defense does not constitute plain legal prejudice and hence should not alone preclude such a dismissal. *Id.* at 858.

The *McCants'* court went on to state:

> ... We find no evidence in the record to suggest that appellee or counsel acted in bad faith in filing this action in Alabama.... Under the circumstances, we cannot find appellant to have suffered any plain legal prejudice other than the prospect of a second lawsuit on the same set of facts.

The plaintiff also cites *Bolten v. General Motors Corporation,* 180 F.2d 379 (7th Cir. 1950); *Klar v. Firestone Tire & Rubber Co.,* 14 F.R.D. 176 (S.D.N.Y.1953), and *Germain v. Semco Service Machine Co., Inc.,* 79 F.R.D. 85 (E.D.N.Y.1978). In each of these cases the courts upheld grants of dismissal without prejudice despite the fact that the dismissal deprived the defendant of a statute of limitations defense.

In contrast, the defendant contends that the loss of a statute of limitations defense always constitutes the type of clear legal prejudice that mandates the denial of a Rule 41(a)(2) motion. In support of this contention the defendant cites *Placid Oil Co. v. Ashland Oil, Inc.,* 792 F.2d 1127 (Em.App.1986); *Love v. Silas Mason,* 66 F.Supp. 753 (W.D.La.1946); and *Bamdad Mechanic Co. Ltd. v. United Technologies*

*Corp.*, 109 F.R.D. 128 (D.Del.1985). In each of these cases the plaintiff moved for dismissal under Rule 41(a)(2) *after* the defendant had raised a statute of limitations defense. In each case the court held that loss of the statute of limitations defense constituted the type of plain legal error which precluded granting dismissal under Rule 41(a)(2).

In reaching this conclusion the court in *Placid Oil* noted:

> When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. 9 Wright & Miller, *Federal Practice & Procedure: Civil*, §§ 2362, 2364 at 149, 165 (1971), *citing LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976).

The court stated that a dismissal without prejudice should not be granted

> ... when the plaintiff's purpose is so to maneuver the litigation that the defendant will lose his existing advantage.

The court then held that precisely that situation exists where the plaintiff's motive in seeking a dismissal without prejudice is to avoid the defendant's statute of limitations defense.

The plaintiff contends that the decisions in *Placid Oil* and *Bamdad Mechanic* were based on the court's finding that the plaintiffs in those actions engaged in "egregious forum shopping and other abusive conduct...." The plaintiff further maintains that, absent such conduct, denial of a motion to dismiss without prejudice is an abuse of discretion. We do not agree. The decisions in *Placid Oil* and *Bamdad Mechanic* were based on the court's determination that loss of a statute of limitations defense would constitute substantial legal prejudice to the defendants in those cases. These cases, therefore, conflict directly with those cited by the plaintiff.

█ We have not yet addressed the issue of whether loss of a statute of limitations defense constitutes the type of clear legal prejudice that precludes granting a motion to dismiss without prejudice. After reviewing the decisions of other courts on this issue we are persuaded, however, that

those cases denying the motion to dismiss are better reasoned. We agree that the mere prospect of a second lawsuit on the same facts is not sufficiently prejudicial to the defendant to justify denial of a Rule 41(a)(2) motion to dismiss. *See e.g., Durham v. Florida East Coast Rwy. Co.*, 385 F.2d 366, 368 (5th Cir.1967). In this case, however, the facts in the second lawsuit would differ in that the defendant would be stripped of an absolute defense to the suit—the difference between winning the case without a trial and abiding the unknown outcome of such a proceeding. If this does not constitute clear legal prejudice to the defendant, it is hard to envision what would.

The plaintiff argues that this holding should not be applicable to cases transferred pursuant to 28 U.S.C. § 1406(a) or § 1404(a). In support of this argument the plaintiff cites *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). In *Goldlawr* the Court held that even a court lacking personal jurisdiction over a defendant could transfer a case under 28 U.S.C. § 1406(a) in lieu of dismissing the action. The Court found this decision consistent with the purpose of § 1406(a) which was to avoid "the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Id.* at 466, 82 S.Ct. at 915. These considerations are equally applicable where a transfer is made under § 1404(a). *Koehring Company v. Hyde Const. Co.*, 324 F.2d 295, 297–98 (5th Cir.1963). According to the plaintiff, a dismissal with prejudice based on a statute of limitations defense following a transfer under either § 1406(a) or § 1404(a) is improper because it would defeat the purpose of those statutes.

We agree that transfer of a case is appropriate to remove an " 'obstacle [to] ... an expeditious and orderly adjudication' on the merits [of a case]." *Aquacate Consol. Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523 (5th Cir.1978). This purpose has been facil-

itated by the adoption of 28 U.S.C. § 1631. That section provides that when a civil action is transferred in the interests of justice

> ... the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

We do not believe, however, that Congress intended that the defendant in every transferred case be deprived of all statute of limitations defenses. The curative effects of §§ 1404(a), 1406(a) and 1631 were intended to apply only in those circumstances where the action would have been timely filed in the transferee court at the time of filing in the transferor court. In this case the plaintiff filed in Texas after the prescriptive period had expired in Louisiana. The defendant's statute of limitations defense therefore remains valid.

## II. The Transfer Order

■ The plaintiff contends that the district court for the Western District of Texas abused its discretion when it transferred the case to the Eastern District of Louisiana. Under § 1404(a) a district court may transfer a case for the convenience of the parties or in the interest of justice. Phillips contends that the interest of justice is a separate factor that, alone, may require the court to deny a motion to transfer. Phillips further contends that, in this case, the interest of justice was thwarted by the fact that the transfer resulted in a statute of limitations problem.

Assuming that the interest of justice is an independent inquiry under § 1404(a), justice did not require that the district court in Texas deny the defendant's motion to transfer. The plaintiff knew or should have known that he would encounter a one-year prescriptive period in Louisiana. He could have requested that the Texas district court transfer the case to Mississippi rather than to Louisiana or could have requested a dismissal without prejudice. He did neither. A transferor court is not required to anticipate all of the implications of a transfer, especially where, as here, the complaining party failed to do so. Under these circumstances we cannot say that the

Texas district court abused its discretion in transferring the case to Louisiana.

## III. The Motion For Summary Judgment

■ The plaintiff contends that the district court erred in granting the defendant's motion for summary judgment. In its motion the defendant alleged, and the plaintiff concedes, that the plaintiff's claims were time-barred under Louisiana law. Plaintiff contends, however, that the Louisiana court should have applied the *Texas* statute of limitations. He further contends that we should remand this case to the Louisiana district court to determine whether it is the Texas or the Louisiana prescriptive period that applies to this case.

According to the plaintiff, a transferee court must apply the law of the transferor court unless the transferor court lacked jurisdiction over the defendant. The plaintiff argues that an uncontroverted affidavit that he filed in the Louisiana court created a fact issue as to whether the Texas court had personal jurisdiction over the defendant. According to the plaintiff, because the affidavit created a fact issue on personal jurisdiction, choice of law is still at issue and summary judgment on the basis of Louisiana law was improper.

The plaintiff misconstrues the holding of the Texas district court. The Texas district court held that the plaintiff had failed to establish that the defendant had sufficient contacts with Texas to allow the court to exercise personal jurisdiction over it. In doing so, the Texas court left nothing for the Louisiana court to decide on the issue of personal jurisdiction. The plaintiff's affidavit is merely an attempt to reopen an issue which has already been decided. Because the Texas district court lacked personal jurisdiction over the defendant, the Louisiana district court properly applied the Louisiana statute of limitations to this action arising from a Louisiana tort. *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099 (5th Cir.1981).

The judgment of the district court is, therefore,

AFFIRMED.

POLITZ, Circuit Judge, dissenting:

Bill Phillips' motion to dismiss his personal injury case without prejudice was denied by the trial judge and affirmed by the majority because, given the procedural posture of the case, my colleagues conclude that such a dismissal would result in legal prejudice to Illinois Central Gulf Railroad (ICG). It is precisely because of the procedural posture of the case, and what I perceive to be an injustice to Phillips, that I respectfully dissent.

On July 29, 1985 a tractor-trailer, driven by Phillips, and an ICG locomotive collided near New Orleans. On January 12, 1987 Phillips filed a personal injury suit in state court in the county of his residence in Texas. ICG, a Delaware corporation, removed the case to the Western District of Texas and immediately moved for a dismissal for lack of personal jurisdiction or for a transfer pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Louisiana. Phillips opposed the motions. Dubious of federal jurisdiction, on September 30, 1987 the district court for the Western District of Texas transferred the action to the Eastern District of Louisiana. The court did not indicate whether the transfer was ordered pursuant to 28 U.S.C. § 1404(a) [1] or 28 U.S.C. § 1406(a).[2]

The case was received by the federal court in New Orleans on October 5, 1987. ICG promptly sought a summary judgment dismissal on the grounds that the action was time-barred by Louisiana's one-year limitation period, in civilian terminology its one-year prescriptive period. Phillips responded by asking for alternative relief: (1) a return to the Western District of Texas; (2) a transfer to the Southern District of Mississippi where the train crew allegedly lived; or (3) a dismissal without prejudice under Fed.R.Civ.P. 41(a)(2).[3]

The court *a quo* denied Phillips' motion and granted ICG a summary judgment, reasoning:

With respect to Plaintiff's Motion to Re–Transfer, it appears that Plaintiff had full opportunity to litigate the jurisdictional issues in the United States District Court in Texas and that Plaintiff did indeed participate in that litigation. This court does not find that any extraordinary circumstances appear or that any post-transfer matters have occurred that would cause this court to reverse, modify or in anyway [sic] disturb the interlocutory findings of the transferor court.

Finally, to permit this case to be dismissed without prejudice, as Plaintiff urges, so that it can be filed in Mississippi would be inappropriate considering the present procedural posture of this case with a Motion for Summary Judgment based on prescription pending. Under these circumstances such a dismissal, while obviously advantageous to the Plaintiff, clearly results in legal prejudice to the Defendant in that the dismissal would negate an otherwise valid prescription defense.

### The Transfer Order

Transfers under sections 1404(a) and 1406(a) are discretionary. The pertinent operative language is "in the interest of justice." If a transfer is found to be in the interest of justice, the court may transfer the case to a district where the action properly would lie. I am convinced beyond peradventure that it cannot be in the interest of justice to transfer a timely-filed

---

1. 28 U.S.C. § 1404(a) provides:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

2. 28 U.S.C. § 1406(a) provides:
   The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

3. Fed.R.Civ.P. 41(a)(2) provides in pertinent part:
   [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

case[4] to a district where the merits will never be considered because the case will meet a certain procedural death due to the statute of limitations applicable in the transferee court.[5]

Such a result is inconsistent with the policy of deciding disputes on the merits. Indeed it is contrary to the jurisprudential policy "of removing whatever obstacles may impede an expedient and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67, 82 S.Ct. 913, 916, 8 L.Ed. 2d 39 (1962); *see also Haire v. Miller,* 447 F.Supp. 57 (N.D.Miss.1977) (finding it not in the interest of justice to transfer a case under 28 U.S.C. § 1406(a) where the suit would be barred by the transferee state's statute of limitations); *Axe–Houghton Fund A, Inc. v. Atlantic Research Corp.,* 227 F.Supp. 521 (S.D.N.Y.1964) (finding the same and ordering a transfer upon the requirement that the defendants would not thereafter plead the transferee state's statute of limitations); *Greve v. Gibraltar Enter.,* 85 F.Supp. 410 (D.N.M.1949) (finding that the words "in the interest of justice" included in 28 U.S.C. § 1404(a) must be given "paramount consideration" and ordering a transfer only because of defendant's agreement to eschew the transferee state's statute of limitations which, if invoked, would bar plaintiff's action).

That none might think that I suggest that the transferring judge intentionally acted unjustly, I hasten to add that the court in the Western District of Texas was not told of Louisiana's prescriptive period, a limitations period which is one-half that of Texas and one-sixth that of Mississippi.[6] To the contrary, I am certain that if the court had been informed that limitations had already accrued in Louisiana, it either would have continued with the case in Texas, dismissed it for lack of personal jurisdiction, if that conclusion were reached, or transferred the case to Mississippi where it would not have met a certain demise for an untimely filing.

### Dismissal Without Prejudice

In my view, the district court for the Eastern District of Louisiana erred in denying Phillips' motion to dismiss without prejudice. The court exceeded its range of discretion. As the majority notes, under the law of this circuit a court should grant a Rule 41(a)(2) dismissal without prejudice unless the defendant will suffer thereby clear legal prejudice. This means more than the mere prospect of a trial on the merits. *Durham v. Florida East Coast Ry.,* 385 F.2d 366 (5th Cir.1967). The majority acknowledges this rule but opts to follow decisions which they suggest impel the conclusion that the loss of a prescription defense is *per se* legal prejudice which precludes a dismissal without prejudice. *See Placid Oil Co. v. Ashland Oil, Inc.,* 792 F.2d 1127 (Temp.Emer.Ct.App.1986); *Love v. Silas Mason Co.,* 66 F.Supp. 753 (W.D.La.1946); *Bamdad Mechanic Co. v. United Technologies Corp.,* 109 F.R.D. 128 (D.Del.1985). First, none of these cases is binding on this panel. Second, and more importantly, I do not accept these cases to be authority for the proposition that the Phillips case could not be dismissed without prejudice. I read these cases, and others the majority has declined to follow, as supportive of the proposition that the court should take a flexible approach to the decision whether the loss of a limitations defense constitutes clear legal prejudice.

I favor a rule which would require the district court to "exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case." *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir.1986). In *McCants,* our colleagues in the Eleventh Circuit affirmed

---

**4.** The statute of limitations for filing actions of this kind in Texas is two years. Civ.Prac. & Rem. § 16.003. Suit was filed on January 12, 1987, less than 18 months after the accident.

**5.** Louisiana Civil Code art. 3492 establishes a one-year prescriptive period for tort suits.

**6.** The Mississippi statute of limitations for personal injury actions is six years. Miss.Code Ann. § 15–1–49.

a dismissal without prejudice even though the defendant had filed a motion for summary judgment based on Alabama's one-year statute of limitations, stating that

> in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result. Thus it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation.

781 F.2d at 856–57 (citations omitted) (emphasis in original).

In reaching the conclusion that dismissal without prejudice was appropriate despite the defendant's pending limitations defense, the *McCants* panel placed heavy reliance on our earlier *Durham* decision wherein we held that the potential loss of a contributory negligence defense did not constitute clear legal prejudice. In *Durham* we found significant the absence of evidence indicating bad faith on the part of plaintiff's counsel. The *McCants* court found a like absence in the case before it.

Two district courts in the Second Circuit have concluded that the loss of a limitations defense did not constitute clear legal prejudice to the defendants. In *Germain v. Semco Service Machine Co.*, 79 F.R.D. 85 (E.D.N.Y.1978), the district court dismissed a complaint without prejudice to enable the plaintiff to take advantage of a longer statute of limitations in another forum. The court rejected the defendant's claim of prejudice, stating that the defendant had not acquired "a vested interest in the erroneous judgment of plaintiff's counsel in having sued in New York." *Id.* at 86. The court held that "[s]ince litigants generally ought not to be disadvantaged by such errors of counsel, [the loss of a stat-

ute-of-limitations defense] should not weigh heavily in the scales." *Id.* The court also was impressed by the fact that the case was in the preliminary stages of discovery, resulting in little duplication of effort. And in *Klar v. Firestone Tire & Rubber Co.*, 14 F.R.D. 176 (S.D.N.Y.1953), the court found no abusive intent on the part of the plaintiff and concluded a dismissal without prejudice was warranted to allow the plaintiff to refile and avoid dismissal because of the New York statute of limitations.[7]

I do not agree with the majority that the decisions in *Placid Oil, Bamdad,* and *Love* stand for the proposition that the loss of a prescription defense necessarily results in substantial legal prejudice to the defendant. In *Placid Oil* the refusal by the Temporary Emergency Court of Appeals to grant a dismissal without prejudice, which would have denied the defendant a statute-of-limitations defense, was footed on its finding that the plaintiff, simultaneously litigating a similar action in another state, was "forum shopping between two federal district courts." 792 F.2d at 1135. Quoting Judge Learned Hand, the court held that a Rule 41(a)(2) dismissal should be denied "when the plaintiff's purpose is so to maneuver the litigation that the defendant will lose his existing advantage." *Id.* at 1134 (quoting *Young v. Southern Pacific Co.*, 25 F.2d 630, 632 (2d Cir.1928)).

In *Bamdad,* the District of Delaware also refused to grant a dismissal without prejudice that would have deprived the defendant of a limitations defense under Delaware law. Like the Temporary Emergency Court of Appeals in *Placid Oil,* the *Bamdad* court was concerned with unwelcome forum shopping and the fact that the plaintiff was trying to have his cake and

---

7. In *Bolten v. General Motors Corp.*, 180 F.2d 379, 381 (7th Cir.), *cert. denied,* 340 U.S. 813, 71 S.Ct. 41, 95 L.Ed. 598 (1950), the Seventh Circuit held that a plaintiff has an absolute right to dismiss under Rule 41(a)(2), restricted only by the requirement that it be done "upon order of the court and upon such terms and conditions as the court deems proper." Although the court acknowledged that in some situations a defendant might acquire substantive legal rights that could not be protected adequately by any terms and conditions the court might impose, it found that the loss of a limitations defense did not constitute legal prejudice. The Seventh Circuit subsequently abandoned the view expressed in *Bolten* that a plaintiff has an absolute right of dismissal under Rule 41(a)(2). *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334 (7th Cir.1953), *cert. denied,* 347 U.S. 913, 74 S.Ct. 477, 98 L.Ed. 1069 (1954). Thus, it is uncertain whether the ruling in *Bolten* with respect to the loss of a limitations defense remains the law of that circuit.

eat it too, moving to dismiss only after an adverse ruling on the limitations issue:

> The problem with characterizing plaintiffs as innocent victims who seek only to try the merits of their case is that they chose to litigate the statute of limitations defense when it was raised here. Plaintiffs had ample opportunity to move to take their case to Connecticut in the eight months that elapsed between defendants' motion and this Court's summary judgment order. Instead, plaintiffs filed suit in Connecticut only after briefing, arguing, and losing the statute of limitations issue in this Court, failing to obtain reargument, and appealing to the Court of Appeals.

109 F.R.D. at 133; *see also id.* at 132 n. 4 (distinguishing the facts of *Klar* and *Bolten*).

That leaves, then, the *Love* case, a suit involving a claim for overtime pay under the Fair Labor Standards Act. After the defendant filed a plea of prescription based on Louisiana's one-year statute of limitations, the plaintiff filed a motion to dismiss without prejudice to escape the prescriptive bar. In refusing to grant that motion, the court noted that any judgment recovered by the plaintiff would have to be paid by the government, which had contracted with the defendant employer for the production of wartime munitions. 66 F.Supp. at 754. The emphasis the court placed on protecting the public fisc vitiates the precedential value of *Love* in the factual situation presented in the Phillips litigation.

In my opinion, whether a defendant will suffer clear legal prejudice by the loss of a prescription or limitations defense as a result of a Rule 41(a)(2) dismissal without prejudice should be determined on a case-by-case basis, and not by application of a hard and fast rule. The nature and demographics of the suit, the timing of the motion, and the conduct and motive of the plaintiff are all factors to be weighed. The equities of the situation are to be assessed carefully. Doing so in the case at bar inexorably leads me to the conclusion that the district court erred in refusing to grant

Phillips' motion to dismiss without prejudice.

Phillips filed suit in the state court of his Texas residence. Suit was timely under Texas law. As a consequence of forces beyond his control the litigation was removed to federal court in Texas from which it was transferred "in the interests of justice" to a federal court in Louisiana where it faced a certain procedural demise. Phillips' counsel may have demonstrated a lack of legal acuity, but the record contains no hint of ill motive or bad faith. There has been no maneuvering to gain unfair advantage. Phillips seeks only a trial on the merits. He should be allowed an opportunity to secure such, if a forum for same is available.