Thomas K. SCALLEN, Plaintiff,

v.

MINNESOTA VIKINGS FOOTBALL CLUB, INC., a Minnesota Corporation, Metropolitan Sports Facilities Commission, and Donald G. Poss, as Executive Director of the Metropolitan Sports Facilities Commission, Defendants.

Civ. No. 4–82–1471.

United States District Court, D. Minnesota, Fourth Division.

Aug. 1, 1983.

Patrick S. Scallen, Minneapolis, Minn., for plaintiff.

Paul J. Tagliabue, Covington & Burling, Washington, D.C. and Timothy Kelly, Mackall, Crounse & Moore, Minneapolis, Minn., for Vikings.

Wayne Olson, Olson, Gunn, Seran, Ltd., Minneapolis, Minn., for Poss and Metropolitan Sports Facilities Commission.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Thomas K. Scallen brought this action for declaratory and injunctive relief alleging defendants Minnesota Vikings Football Club, Inc. (Vikings), Metropolitan Sports Facilities Commission (Commission) and Donald G. Poss, its Executive Director, have violated antitrust laws (15 U.S.C. §§ 1 and 2) and plaintiff's constitutional rights.[1] The action arises out of efforts by Scallen to obtain a franchise from the United States Football League (USFL) for the St. Paul-Minneapolis metropolitan area.

Scallen challenges the legality of a contractual provision between the Vikings, a National Football League franchise team, and the Commission, which permits the Vikings to have exclusive rights to exhibit professional football games at the Commission's stadium (Metrodome). Jurisdiction is alleged under 15 U.S.C. § 26 and 28 U.S.C. § 1343. The matter is now before the

---

1. Plaintiff alleges the exclusive use clause in the Vikings' lease agreement with Commission violates rights guaranteed under the First and Fourteenth Amendments of the United States Constitution, citing 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1982 as the basis for jurisdiction.

court upon defendants' motions for summary judgment under Fed.R.Civ.P. 56 and plaintiff's motion for dismissal without prejudice under Fed.R.Civ.P. 41(a)(2).

## I.

The factual background is undisputed by the parties.

In January, 1983, the executive committee of the USFL voted to award plaintiff Scallen an expansion franchise for the St. Paul-Minneapolis area beginning with the 1984 season. The award was made contingent upon certain performance. Among these requirements was the condition of a $2.5 million cash payment by February 15, 1983, and obtaining an acceptable lease for use of the Metrodome. No deadline was provided for the stadium lease requirement. The record suggests that USFL representatives considered the cash payment requirement to be the initial and fundamental condition for obtaining a franchise.

Both before and after the USFL action in January, 1983, Scallen worked to meet the various conditions for securing a franchise. An obstacle to obtaining a lease of the Metrodome was posed by Section 5.1 of the lease between the Commission and the Vikings. This provides:

> The team (Vikings) shall have the sole and exclusive right to exhibit professional football games at the stadium (Metrodome) while this Agreement is in effect.

Scallen was unable to obtain the consent of defendants to waive this agreement and so commenced this litigation to have it declared invalid. USFL officials appeared fairly confident Scallen would eventually obtain the necessary lease.

In the meantime, Scallen made vigorous attempts to meet the cash payment requirement for a 1984 franchise. His efforts included securing extension of the financing deadline and attempts to raise the money by loan or by recruitment of investment partners. These efforts were unavailing and prevented his acquisition of the franchise. While Scallen has also been unable to obtain a Metrodome lease, the record indicates that USFL officials were more concerned about Scallen's ability to raise the financing. Scallen now states that "time has run out" to obtain financing in time to field a 1984 USFL team and that the present litigation is unnecessary.

## II.

■ A motion for dismissal without prejudice under Rule 41(a)(2) is a matter committed to the discretion of the court and is only subject to review for abuse of discretion. 9 C. Wright and A. Miller, *Federal Practice and Procedure*, § 2364 (1971); *see e.g. Williams v. Ford Motor Co.*, 627 F.2d 158 (8th Cir.1980). "[T]he courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." 9 C. Wright and A. Miller, *Federal Practice and Procedure*, § 2364 at 165.

■ In this case defendants have gone to considerable expense in discovery and motion preparation to defend against plaintiff's antitrust allegations. At a hearing before this court in May, plaintiff indicated he would continue to pursue this litigation and efforts to obtain financing. As a result, defendants prepared motions and briefs challenging his standing and the merits of the antitrust claim.[2] Defendants oppose plaintiff's motion on the additional ground that not only is he likely to bring another lawsuit, but that he may base future antitrust claims in part upon matters related to this litigation.

Under all the circumstances the court finds plaintiff's Rule 41(a)(2) motion should not be granted and defendants are entitled to have the issues they raise on their motions considered to the extent appropriate on the record.

---

**2.** Defendants were apparently willing to agree to a dismissal without prejudice if plaintiff were to pay their expenses since the May hearing, but plaintiff declined.

### III.

■ Although plaintiff's complaint alleged defendant violated his free speech, due process, and equal protection rights, these claims have not been developed in any way, and it is not clear that plaintiff is serious about them. At any rate the complaint does not allege a satisfactory basis for jurisdiction over these claims. Plaintiff asserts his constitutional claims under 42 U.S.C. §§ 1981 and 1982. These provisions on their face apply only to claims founded on racial discrimination. *See also Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); *Occhino v. Northwestern Bell Telephone Co.*, 675 F.2d 220 (8th Cir.1982). There is nothing in either the pleadings or the record to support any claim of racial discrimination. Defendants are therefore entitled as a matter of law to summary judgment on plaintiff's claims under §§ 1981 and 1982.

Defendants raise a threshold issue of plaintiff's standing to assert his antitrust claims. Section 16 of the Clayton Act, 15 U.S.C. § 26, provides in part:

> Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws
> . . . .

This requires a plaintiff "demonstrate a significant threat of injury from an impending violation of the antitrust laws or from a contemporary violation likely to continue or recur." *Zenith Radio Corp. v. Hazeltine Research Inc.*, 395 U.S. 100, 130, 89 S.Ct. 1562, 1580, 23 L.Ed.2d 129 (1969). Not only has plaintiff failed to demonstrate such a significant threat, he does not even contest defendants' assertion that he lacks standing.

■ Two elements are required to show standing under Section 16: the threat of injury and a casual relationship of the injury to the alleged antitrust violation. *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 409 (8th Cir.1979). There is no

evidence in the record to demonstrate plaintiff's inability to secure a USFL franchise was caused by the restrictive clause in the Vikings' Metrodome lease. The record is uncontradicted that the USFL's initial concern was for plaintiff's ability to meet their cash payment requirements, and plaintiff appears to concede this. Plaintiff has failed to raise the necessary funds and has not shown a likely ability to raise them in the future. The record indicates this is the reason plaintiff has so far been unable to obtain a USFL franchise.[3] Plaintiff indicates his time has run out for a 1984 franchise. On this record plaintiff lacks the standing required by Section 16, and his antitrust claims must therefore be dismissed.

In light of this disposition, it is unnecessary to discuss the other issues raised by defendants' summary judgment motion.

Accordingly, based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that

1. Plaintiff's motion under Rule 41(a)(2) to dismiss without prejudice is denied.

2. Defendants' motion for summary judgment is granted. Plaintiff's antitrust claims and his claims under 42 U.S.C. §§ 1981 and 1982 are dismissed for the reasons stated herein.

---

**3.** Although plaintiff's counsel hints that the Metrodome lease contributed to plaintiff's inability to raise funds, there is nothing in the record to support this claim.