Candice WILLS, et al., Appellants,

v.

RED LAKE MUNICIPAL LIQUOR
STORE, et al., Defendants,

and

OKLEE MUNICIPAL LIQUOR STORE,
Defendant and Third Party Plaintiff,

v.

Sheldon HODGSON, et al., Third Party
Defendants, Home Insurance
Company, Respondent.

No. C5-86-282.

Court of Appeals of Minnesota.

July 15, 1986.

Neil A. McEwen, Thief River Falls, for appellants.

Wayne D. Tritbough, Minneapolis, for defendants.

Considered and decided by PARKER, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

WOZNIAK, Judge.

Neil A. McEwen, attorney for the plaintiff in a dram shop action, appeals from a judgment entered against him for $1,393.17 in costs and attorney's fees. We reverse.

## FACTS

Plaintiffs commenced this dram shop action against two liquor stores and a bar. On the day that trial was to begin, plaintiffs moved the court for permission to amend their complaint so as to proceed directly against two third-party defendants. The trial judge granted the motion and continued the case until January 6, 1985 to allow defendants to conduct additional discovery. Plaintiffs' counsel argued that the case had been prepared, and discovery completed, with the alternative cause of action in mind. Defendants did not, in fact, conduct any additional discovery in consequence of the motion to amend.

The trial court's granting of plaintiffs' motion to amend was expressly conditioned on plaintiffs paying the necessary expenses incurred by defendants in appearing for trial that day. Plaintiffs' counsel acknowledged on the record that he had agreed to pay the fees and costs on behalf of his clients.

Trial commenced in January 1985, before a different judge. On the fourth day of trial, the parties settled. The stipulation for dismissal provides that the settlement

is with prejudice and without costs to either party.

Defendants made repeated attempts to recover the fees and costs which plaintiffs' counsel agreed to pay at the October 1984 hearing. In October 1985, they moved for judgment for attorney's fees before the same judge who presided at the October 1984 hearing. In November 1985, judgment was entered against plaintiffs' counsel in the amount of $1,393.17. Plaintiffs appeal from this judgment.

### ISSUE

Did the trial court err in entering judgment against plaintiffs' counsel for fees and costs which were incurred before a stipulation of dismissal with prejudice and without costs was entered into?

### ANALYSIS

▉▉▉ A stipulation of dismissal with prejudice operates as a merger of, and bars the right to recover on, all antecedent claims included therein. *See* 15A Am. Jur.2d *Compromise and Settlement* § 24 (1976). The stipulation of dismissal entered into between the parties in this case states that the matter is dismissed "without costs." It does not make an exception for, or otherwise mention, the costs awarded by the court at the October 1984 hearing. The claim for these costs is therefore merged into the stipulation and barred by it. Once the stipulation was filed, the trial court had no jurisdiction thereafter to enter a judgment in the case, except in accordance with the stipulation or as otherwise necessary to close the litigation properly. *See Muellenberg v. Joblinski*, 188 Minn. 398, 400, 247 N.W. 570, 571 (1933).

### DECISION

Respondents' claims are merged into and barred by the stipulation of dismissal.

The judgment entered by the trial court is reversed.

Reversed.