**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Plaintiff,**

**v.**

**CASUALTY RECIPROCAL EXCHANGE; Fair Store, Inc.; Cecil Paul Clayborn and Clara Jo Clayborn, Defendants.**

**Civ. No. 87–2129.**

United States District Court, W.D. Arkansas, Fort Smith Division.

Dec. 8, 1987.

Wayne Harris, Fort Smith, Ark., for plaintiff.

W. Lee Tucker, Bryant, Ark., for Cas. Recip. Exc.

Robert M. McHenry, Little Rock, Ark., Charles Ledbetter, Fort Smith, Ark., Dale Garrett, Fayetteville, Ark., for Fair Store, Inc.

Sam Sexton, Jr., Fort Smith, Ark., for Clayborns.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

This is a declaratory judgment action brought by an insurer to determine which of two insurers must cover the insured's potential liability in a state court tort suit. The case has expanded to include counterclaims by the insured and the tort victims against the insurer-plaintiff, and cross-claims by the insured against the insurer-defendant and by the tort victims against the insured. Plaintiff has moved to dismiss the tort victims' counterclaim and also moved to dismiss its own original claim; the insured has moved to dismiss the tort victims' cross-claim against it. The court will grant all of the motions to dismiss, simplifying the case and leaving for consideration only the insured's counterclaim and cross-claim.

### I.

On August 5, 1986, defendant Cecil Paul Clayborn suffered injuries while making repairs to the exterior of defendant Fair Store, Inc.'s building. Clayborn and his wife Clara Jo filed suit on October 10, 1986, against Fair Store in the Johnson County Circuit Court, seeking total damages of $1,550,000. Fair Store holds insurance policies from two insurers, the plaintiff St. Paul Fire & Marine Ins. Co., and defendant Casualty Reciprocal Exchange. Plaintiff's policy insures Fair Store against general negligence liability but excludes any claims for workers' compensation or by employees. Casualty Exchange insures Fair Store for workers' compensation claims up to a limit of $300,000.

Soon after the accident occurred, Fair Store filed a workers' compensation claim for Clayborn. Casualty disputed Clayborn's status as a true employee entitled to workers' compensation, as opposed to a contractor, and the Arkansas Workers' Compensation Commission notified Clayborn that if he disagreed the matter would be referred to an administrative law judge for determination. No further action was taken with regard to the workers' compensation claim prior to the filing of the state court suit.

St. Paul Fire and Marine Insurance filed the present declaratory judgment action on July 21, 1987, in federal court. Plaintiff seeks a resolution of the question of whether Clayborn was an employee of Fair Store at the time of the accident and, from that, a determination of which of the two insurers, if either, must reimburse Fair Store for any judgment if it is found liable. Fair Store filed a counterclaim against St. Paul for breach of contract, asking for unspecified damages and a determination that St. Paul must defend it in state court. The Clayborns filed a counterclaim against St. Paul, alleging that St. Paul is now liable by subrogation for any liability owed them by Fair Store, and incorporating the substantive allegations of their state court claim. Fair Store filed a cross-claim against Casualty Reciprocal Exchange for breach of contract, asking for damages and a determination that Casualty must defend it should the court find Clayborn was an employee. The Clayborns have filed a cross-claim against Fair Store, realleging their state tort suit.

There are now pending motions to dismiss the Clayborns' counterclaim and the Clayborns' cross-claim, and a motion by St. Paul to dismiss voluntarily the main complaint. Because the propriety of dismissing the main complaint may turn on the nature of the dependent counterclaims and cross-claims, it is necessary first to resolve the status of those counter- and cross-claims before addressing the voluntary motion to dismiss.

## II.

■ Strictly viewed, St. Paul's petition for declaratory relief merely seeks an interpretation of an insurance contract. Whether or not Clayborn was an employee at the time of the occurrence will determine which insurance company must defend Fair Store, but it will not of itself resolve the separate and distinct question of Fair Store's liability for Clayborn's injuries.

Fair Store's counterclaim for breach of contract is one which is so closely related to St. Paul's claim that failure to litigate it now would estop Fair Store from prosecuting it later. Because it arises from the same "transaction or occurrence," namely the insurance contract, it is a compulsory counterclaim and properly filed in this case.

■ The Clayborns' counterclaim, however, is less directly related to the insurance contract. The counterclaim raises two claims. First, the Clayborns raise the issue of liability in tort arising from the occurrence of August 5, 1986, which they impute to St. Paul under *Ark.Stat.Ann.* § 66–4001. That statute provides that an injured person shall be subrogated to the right of the insured to maintain a cause of action against the insurer for the amount of a "judgment rendered against such insured." But that statute cannot apply until 30 days after the entry of a judgment, if any, in favor of plaintiff. *See Swan v. Estate of Monette,* 265 F.Supp. 362 (W.D. Ark.1967), *aff'd,* 400 F.2d 274 (8th Cir. 1968). For purposes of this case, the Clayborns are strangers to the insurance contract between St. Paul and Fair Store and they do not have any cause of action

against St. Paul. This claim must, therefore, be dismissed.

■ The second claim made by the Clayborns in their counterclaim is that St. Paul violated its duty of good faith in refusing to settle the case within its policy limits. The difficulty with this position is that St. Paul owes no duty of good faith to the Clayborns. That duty is one owed to the person with whom St. Paul is in a contractual relationship, namely its insured. *See e.g., Findley v. Time Ins. Co.,* 264 Ark. 647, 573 S.W.2d 908 (1978).

Counterclaims are subject to Rule 12(b)(6) and can be dismissed for failure to state a claim. *See Lodge 743, Int'l Ass'n of Machinists v. United Aircraft Corp.,* 220 F.Supp. 19 (D.Conn.1963), *aff'd* 337 F.2d 5 (2d Cir.1964), *cert. denied,* 380 U.S. 908, 85 S.Ct. 893, 13 L.Ed.2d 797. The court will grant St. Paul's motion to dismiss the Clayborns' counterclaim for the reasons indicated above.

## III.

■ Unlike compulsory counterclaims or third-party complaints, cross-claims between defendants do not come within the court's ancillary jurisdiction but must possess their own independent basis for federal jurisdiction. As there is no federal question raised in this case, the parties must show proper diversity of citizenship to support their cross-claims. Both Fair Store and the Clayborns are citizens and residents of Arkansas; Casualty Reciprocal Exchange is a citizen of Missouri; and St. Paul is a citizen of Minnesota. Defendants in a diversity suit, such as this one, who share the same citizenship may not cross-claim against each other. *See Rosario v. Amalgamated Ladies' Garment Cutters Union Local 10,* 605 F.2d 1228, 1247 (2d Cir.1979), *cert. denied,* 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273; *Farr v. Detroit Trust Co.,* 116 F.2d 807 (6th Cir.1941); *Main v. Festa,* 37 F.R.D. 227 (W.D.Pa. 1965); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1433 at 180 (1971). The court will therefore grant the motion to dismiss Clayborns' cross-claim against Fair Store.

The Fair Store's cross-claim against Casualty Reciprocal Exchange does allege diversity of citizenship. The claim does not, however, state an amount of damages claimed at or above the jurisdictional minimum of $10,000. The court will retain this cross-claim until Fair Store has had a reasonable opportunity to state a claim falling within this court's diversity jurisdiction.

## IV.

■ Finally, the court must decide St. Paul's motion to dismiss voluntarily its complaint under Rule 41(a). The general practice of the federal courts is to permit voluntary dismissal, "unless the defendant will suffer some plain legal prejudice *other than the mere prospect of a second lawsuit.*" 9 C. Wright & A. Miller, *supra,* § 2364 at 165 (emphasis added); *see In re International Airport Inn Partnership,* 517 F.2d 510, 512 (9th Cir.1975); *Stern v. Barnett,* 452 F.2d 211, 213 (7th Cir.1971); *New York, C. & St. L.R. Co. v. Vardaman,* 181 F.2d 769, 770 (8th Cir.1950); *Home Owner's Loan Corp. v. Huffman,* 134 F.2d 314, 317 (8th Cir.1943); *Bamdad Mechanic Co. v. United Technologies Corp.,* 109 F.R. D. 128, 131 (D.Del.1985); *Victory Beauty Supply, Inc. v. LaMaur, Inc.,* 98 F.R.D. 306, 307 (N.D.Ill.1983); *Scallen v. Minnesota Vikings Football Club,* 574 F.Supp. 278, 280 (D.Minn.1983). What prompts St. Paul's motion to dismiss is the Clayborns' premature dismissal, without prejudice, of their underlying tort action in state court, the Clayborns having wrongly assumed that it was properly joined to this federal action in their counterclaim and cross-claim. The absence of a state court suit against Fair Store mooted the question of who was to defend and reimburse a judgment against Fair Store, and that circumstance supports the dismissal of St. Paul's action. Because they dismissed the state case without prejudice, the Clayborns may reinstate their state cause of action.

The remaining counterclaim of Fair Store against St. Paul will not prevent the dismissal of St. Paul's claim if it can rest upon its own basis of federal jurisdiction. *See* Fed. R.Civ.P. 41(a)(2); *Rengo Co. v. Molins Mach. Co.,* 657 F.2d 535 (3d Cir.1981), *cert.* *denied,* 454 U.S. 1055, 102 S.Ct. 600, 70 L.Ed.2d 591; *Boynton v. United States,* 566 F.2d 50 (9th Cir.1977); *National Research Bureau, Inc. v. Bartholomew,* 482 F.2d 386 (3d Cir.1973). Fair Store has alleged diversity of citizenship but has not specified an amount of damages in controversy. The counterclaim will remain in this court until Fair Store has had a reasonable opportunity to amend to state a cause of action claim falling within this court's diversity jurisdiction. The persistence of this counterclaim also prevents prejudice to St. Paul should the Clayborns refile their tort case in state court; an original plaintiff may reassert its dismissed claim as a compulsory counterclaim to a retained counterclaim (here, Fair Store's breach of contract claim). *See Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631 (3d Cir. 1961); *Crest Auto Supplies, Inc. v. Ero Mfg. Co.,* 246 F.Supp. 224 (N.D.Ill.1965), *aff'd,* 360 F.2d 896 (7th Cir.1966).

## V.

The result of these motions is a case dominated by the claims of Fair Store rather than St. Paul. Fair Store's compulsory counterclaim for breach of contract will remain and will retain St. Paul as a counterdefendant in this court, assuming proper amendment of the counterclaim to state an amount in controversy. Similarly, Fair Store's claim for breach of contract against Casualty Reciprocal Exchange will remain if amended to state an amount in controversy. The Clayborns no longer remain defendants and have no claims against Fair Store or St. Paul which they may pursue in this court. Although either or both of them may be called as witnesses to prove claims in St. Paul and Fair Store's dispute, they are not proper parties to that action and will be dismissed; their immediate claims may be pursued without prejudice in the state court.

Accordingly, the court will grant the motions to dismiss Clayborns' counterclaim, to dismiss Clayborns' cross-claim, and to dismiss St. Paul's original claim.