Richard ALTIMUS, et al., Appellants,

v.

HYUNDAI MOTOR COMPANY, a South Korean corporation, Hyundai Motor America, Inc., a California corporation, Respondents,

Ray Joseph Leasing, Respondent.

No. C7–97–2238.

Court of Appeals of Minnesota.

June 9, 1998.

Steven J. Kirsch, Mark D. Covin, Murnane, Conlin, White & Brandt, P.A., St. Paul, for appellants.

Robert M. Lewis, David W. Graves, Jr., Bowman & Brooke, Minneapolis, for respondents Hyundai Motor Co. and Hyundai Motor America, Inc.

James A. Reding, Jr., Lars C. Erickson, Reding & Pilney, St. Paul, for respondent Ray Joseph Leasing.

Considered and decided by PETERSON, P.J., and LANSING and KALITOWSKI, JJ.

## OPINION

LANSING, Judge.

The district court entered summary judgment in September 1997 on a June 1995 complaint for injuries allegedly caused by a defective seatbelt restraint system in a 1991 accident. We conclude that it was not an abuse of discretion for the district court to grant summary judgment rather than a voluntary dismissal without prejudice, and we affirm.

## FACTS

Richard Altimus and his niece, Nicolle Altimus L'Abbe, sustained extensive injuries in a traffic accident on Highway 70 near Grantsburg, Wisconsin, in August 1991. Altimus's 1988 Hyundai Excel was equipped with passive seat belt systems consisting of a retractor, a tab, a buckle, and a knee bolster. These "two-point restraint seat belts," which complied with 1988 federal Occupant Crash Protection requirements, are shoulder harnesses without lap belts. Both Altimus and L'Abbe, then age six, were wearing seat belts at the time of the crash.

In June 1995, Altimus and L'Abbe (through her mother and natural guardian) sued respondents Hyundai Motor Company (HMC) and Hyundai Motor America, Inc. (HMA), on theories of strict liability, negligence, and breach of warranty. They alleged the Excel's seat belt restraint system was defective and unreasonably dangerous because it did not include a lap belt. They also alleged Hyundai failed to warn them on the system's proper use. On similar grounds, they sued Ray Joseph Leasing (RJL), the company that had leased Altimus the car.

In August 1996, the parties stipulated to vacate the scheduling order and stay its reissuance until conclusion of a pending case involving a similar claim against Hyundai. The pending similar claim was unsuccessful, and on May 6, 1997, after asking Altimus and L'Abbe to voluntarily dismiss their complaint, HMA and HMC requested a new scheduling order and moved for summary judgment. RJL moved for summary judgment on June 16, 1997.

On July 2, 1997, after the district court denied Altimus and L'Abbe's motion to stay the proceedings, L'Abbe moved for voluntary dismissal of her claims without prejudice. The district court denied her motion and granted summary judgment for the defendants. L'Abbe appeals. The appeal initially raised preemption and statutory interpretation issues, but Altimus and L'Abbe withdrew those issues prior to oral argument.

## ISSUE

Did the district court abuse its discretion in denying a motion to voluntarily dismiss a complaint without prejudice when the movant asserts that there may be a change in the law before the statute of limitations expires on the claim?

## ANALYSIS

■ L'Abbe moved to dismiss her claims after HMA, HMC, and RJL answered the complaint, moved for summary judgment, and declined to stipulate to dismissal without prejudice. At this stage of the proceedings, Minn. R. Civ. P. 41.01(b) governs her request:

> (b) By Order of the Court. Except as provided in clause (a) of this rule, an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal herein is without prejudice.

Minn. R. Civ. P. 41.01(b). Minnesota amended rule 41 in 1993 to conform to its counterpart in the Federal Rules of Civil Procedure. Minn. R. Civ. P. 41.01(b) advisory comm. cmt. Minnesota's former rule allowed parties to dismiss claims without prejudice after

extensive discovery, other pretrial proceedings, or even after the district court issued preliminary orders, but the amended rule reflects a significant shift in policy:

> The right to dismiss on the eve of trial has prejudiced defendants or has required courts to consider motions to deny a plaintiff the right to dismiss without prejudice. The committee is of the opinion that the right to dismiss without prejudice ought to be limited to a fairly short period after commencement of the action when prejudice to opponents is likely to be minimal.

*Id.* A reviewing court will not reverse a district court's decision on a rule 41 motion unless the district court abuses its discretion. *See Metropolitan Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.,* 999 F.2d 1257, 1262 (8th Cir.1993); *Paulucci v. City of Duluth,* 826 F.2d 780, 782–83 (8th Cir.1987).

Courts consider several factors in determining whether to grant a plaintiff's motion to dismiss under the corresponding federal rule: (1) the defendant's effort and the expense of trial preparation; (2) the plaintiff's excessive delay and lack of diligence; (3) insufficient explanation of plaintiff's need for dismissal; and (4) whether defendant moved for summary judgment. *Paulucci,* 826 F.2d at 783 (citing *Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir. 1969)). *But see Radiant Tech. Corp. v. Electrovert U.S.A. Corp.,* 122 F.R.D. 201, 204 n. 5 (N.D.Texas 1988) (declining to evaluate sufficiency of plaintiff's explanation for dismissal); *see also Unida v. Levi Strauss & Co.,* 986 F.2d 970, 974 (5th Cir.1993) (not an abuse of discretion to deny plaintiff's motion to dismiss made more than one and one-half years after removal to federal court, after both sides made substantial discovery, and defendant's summary judgment motion had been pending for almost five months); *Ferguson v. Eakle,* 492 F.2d 26, 29 (3rd Cir.1974) (court may consider emotional and psychological trauma associated with removing action to state court and uncertainty over title to land, as well as plaintiff's failure to provide "compelling reason" to dismiss "at such a late date"); *Scallen v. Minnesota Vikings Football Club,* 574 F.Supp. 278, 280 (D.Minn.1983) (plaintiff's rule 41(a)(2) motion denied due to

prejudice caused by expense of defendant's discovery and motion preparation, plus likelihood plaintiff would bring another lawsuit and future anti-trust claims).

Although courts may consider the existence of a pending summary judgment motion, this factor "is not by itself dispositive." *Metropolitan Federal Bank,* 999 F.2d at 1262. And the mere prospect of a second lawsuit is not sufficiently prejudicial to justify denial of a rule 41(a)(2) motion to dismiss. *Phillips v. Illinois Cent. Gulf R.R.,* 874 F.2d 984, 987 (5th Cir.1989). But a voluntary dismissal that strips a defendant of a defense that would otherwise be available may be sufficiently prejudicial to justify denial. *Ikospentakis v. Thalassic Steamship Agency,* 915 F.2d 176, 177 (5th Cir.1990); *Phillips,* 874 F.2d at 987.

L'Abbe argues the district court abused its discretion in refusing to allow her to voluntarily dismiss her claim. She first contends the court's decision effectively bars her from maintaining a cause of action in the event the legislature amends Minn.Stat. § 169.685, before the limitations period expires for her claim in the year 2004. She notes that in 1997, the state legislature passed a bill that would have allowed her claims. Although the Governor vetoed the proposed legislation, L'Abbe contends the legislature may pass a similar bill. But the fact that the legislature *may* pass such legislation in the future is not sufficient grounds for overturning the district court's decision on appeal. *See Geraci v. Eckankar,* 526 N.W.2d 391, 401 (Minn.App.1995) (court must apply the law in effect when it renders a decision).

L'Abbe also argues the district court's decision contravenes policy considerations that extend the limitations period for negligence claims brought by minors. *See* Minn.Stat. § 541.15 (1996). This argument is not compelling in light of the procedural history of this case. Altimus and L'Abbe brought suit in June 1995. In August 1996, all parties agreed to vacate the scheduling order and stay reissuance until two similar cases moved through the Minnesota judicial system. *See Schlotz v. Hyundai Motor Co.,* 557 N.W.2d 613, 618 (Minn.App.1997), *review denied*

(Minn. Mar. 26, 1997), *cert. denied* —— U.S. ——, 118 S.Ct. 80, 139 L.Ed.2d 38 (1997); *Anker v. Little*, 541 N.W.2d 333, 340 (Minn. App.1996), *review denied* (Minn. Feb. 9, 1996). After this court's decision in *Schlotz*, HMA and HMC asked Altimus and L'Abbe to stipulate to dismissal without prejudice. Characterizing the request as premature, Altimus and L'Abbe refused. After the Minnesota Supreme Court denied review in *Schlotz*, HMA and HMC again asked Altimus and L'Abbe to dismiss voluntarily. Again, they refused. When L'Abbe moved for a voluntary dismissal on July 2, 1997, HMA, HMC, and RJL had already moved for summary judgment, the Governor had vetoed the pending legislation, and the district court had denied her motion to stay the proceedings.

Relying on *Firoved v. General Motors Corp.*, 277 Minn. 278, 283, 152 N.W.2d 364, 369 (1967), L'Abbe argues that it was an abuse of discretion to deny a voluntary dismissal because there is no demonstrable prejudice to HMA and HMC. We disagree with L'Abbe's assessment on lack of prejudice. L'Abbe has no cause of action under current law, *Schlotz*, 557 N.W.2d at 618. Dismissing this case without prejudice would deprive HMC, HMA, and RJL of their existing defenses. *See Ikospentakis*, 915 F.2d at 177 (5th Cir.1990); *Phillips*, 874 F.2d at 987. Furthermore, *Firoved* was decided before the change in rule 41 and does not reflect the rule's current language and philosophy that the right to dismiss without prejudice ought to be limited to a fairly short period after commencement of the action. *See Grover v. Eli Lilly and Co.*, 33 F.3d 716, 719 (6th Cir.1994) ("At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice."); *see also Chodorow v. Roswick*, 160 F.R.D. 522, 524 (E.D.Penn. 1995) (when plaintiff's sole motive is his "realization that his case has been weakened by events and his corresponding hope that the passage of time will somehow improve things for him" court should grant plaintiff's motion to dismiss with prejudice); *Millsap v. Jane Lamb Mem'l Hosp.*, 111 F.R.D. 481, 483–84 (S.D.Iowa 1986) (defendant demonstrated adequate prejudice to support dismissal with prejudice, when suit was pending for three years and plaintiffs could not find credible expert opinion evidence).

### DECISION

The district court did not abuse its discretion in granting summary judgment and denying a motion for voluntary dismissal without prejudice under Minn. R. Civ. P. 41.01(b) because the request for the dismissal was based on a possible future change in the law, was made two years after initiation of suit, and would deny defendants an existing defense.

**Affirmed.**