NORTHERN STATES POWER
COMPANY, d/b/a Xcel Energy,
petitioner, Respondent,

v.

CITY OF SUNFISH LAKE,
Respondent,

and

POWER LINE TASK FORCE, INC.,
intervenor, Appellant,

Douglas P. BEEDON, et
al., Intervenors.

No. C3–02–1409.

Court of Appeals of Minnesota.

April 9, 2003.

Jack Y. Perry, Thomas Erik Bailey, Briggs and Morgan, P.A., Harold J. Bag-

ley, Assistant General Counsel, Xcel Energy (of counsel), Minneapolis, for respondent Northern States Power.

Clifford M. Greene, William P. Hefner, Greene Espel, P.L.L.P., Minneapolis, for respondent Sunfish Lake.

Marshall H. Tanick, Stephen H. Parson, Mansfield, Tanick & Cohen, P.A., Minneapolis, Christopher Thomas Johnson, Law Office of Christopher Thomas Johnson, Janesville, for appellant.

Considered and decided by SCHUMACHER, Presiding Judge, HALBROOKS, Judge, and HUDSON, Judge.

## OPINION

SCHUMACHER, J.

Respondent City of Sunfish Lake denied respondent Northern States Power Company, d/b/a/ Xcel Energy, a conditional use permit to upgrade an existing power line running through Sunfish Lake. By petition for writ of mandamus, Xcel sought a district court order requiring Sunfish Lake to issue the conditional use permit. Appellant Power Line Task Force, Inc., (PLTF) a group of citizens living near the existing line, intervened in the mandamus action in support of Sunfish Lake's position.

The district court granted the writ and ordered Sunfish Lake to issue the permit. Before judgment was entered on the mandamus order, Xcel and Sunfish Lake executed a settlement agreement providing Sunfish Lake would grant the conditional use permit and stipulating to dismissal with prejudice of the mandamus action. The district court approved the settlement and dismissed the action. PLTF now argues the dismissal should have been conditioned on entry of judgment of the mandamus order so as to allow it to appeal the

mandamus order to this court. We dismiss the appeal.

## FACTS

On November 13, 2001, Xcel filed an application with Sunfish Lake for a conditional use permit to upgrade an existing power transmission line traversing the southeast Twin Cities metropolitan area. Sunfish Lake was one of five local governments with zoning authority over the proposed line upgrade. The Sunfish Lake City Council voted to deny Xcel's conditional use permit application on the grounds that (1) Xcel had failed to show need for the upgrade; (2) the upgrade would adversely affect the value of nearby property; and (3) the upgrade's electric and magnetic fields would expose nearby residents to unjustified and avoidable health risks.

By petition for writ of mandamus, Xcel sought a district court order requiring Sunfish Lake to approve the conditional use permit. On cross motions for summary judgment, the district court concluded Sunfish Lake's denial of the conditional use permit was unauthorized, unreasonable, and arbitrary and capricious, and ordered Sunfish Lake to issue the conditional use permit. The order also granted appellant PLTF's motion to intervene as a defendant in Xcel's mandamus action against Sunfish Lake.

Prior to entry of judgment on the mandamus order, Xcel and Sunfish Lake executed a settlement agreement and release accompanied by a stipulation and order for approval of settlement and dismissal with prejudice of all claims. The parties submitted the agreement to the district court for approval pursuant to Minn. R. Civ. P. 41.01 (providing for voluntary dismissal of actions). The settlement provided that Sunfish Lake would grant the conditional use permit subject to various conditions not addressed in the mandamus order. The district court approved and signed the settlement and dismissal order.

Before judgment was entered, the district court heard PLTF's argument that the settlement violated its rights under rule 41.01, which provides that a court shall not approve a stipulated voluntary dismissal with prejudice except "upon such terms and conditions as the court deems proper." PLTF contended the rule required the court to condition dismissal upon entry of judgment of the mandamus order in order to allow PLTF to appeal that order. The district declined to adopt the condition advocated by PLTF and entered judgment on the settlement agreement and dismissed the action with prejudice.

PLTF appealed the district court's mandamus order overturning Sunfish Lake's denial of the conditional use permit as arbitrary and capricious. This court dismissed that appeal because the mandamus order was never entered into judgment and as such was not appealable. *Northern States Power, Inc., d/b/a/ Xcel Energy, Inc., v. City of Sunfish Lake,* No. C0–02–1285, 2002 WL 2004718 (Minn.App. Sept. 3, 2002). PLTF now appeals the district court's refusal to enter judgment on the mandamus order as a condition of dismissing Xcel's mandamus action with prejudice.

## ISSUE

Was PLTF's appeal of the dismissal rendered moot by the settlement agreement?

## ANALYSIS

PLTF challenges the district court's refusal to enter judgment on the mandamus order as a condition of dismissing Xcel's mandamus action with prejudice so as to permit PLTF to appeal the mandamus order. Relying on Minn. R. Civ. P. 41.01(b), PLTF requests that we reverse

the dismissal and direct that judgment be entered on the mandamus order. Xcel argues the central issue of this appeal—whether the district court erred by ruling that Sunfish Lake's denial of the conditional use permit was arbitrary and capricious—is moot because Sunfish Lake's approval of the conditional use permit pursuant to the settlement agreement precluded judicial review of both Sunfish Lake's initial denial of the conditional use permit and the district court's mandamus order overturning the denial. We agree with Xcel, and dismiss this appeal as moot.

 The doctrine of mootness requires that we decide only actual controversies and avoid advisory opinions. *In re McCaskill,* 603 N.W.2d 326, 327 (Minn. 1999).

If, pending an appeal, an event occurs which makes a decision on the merits unnecessary or an award of effective relief impossible, the appeal will be dismissed as moot.

*In re Inspection of Minn. Auto Specialties, Inc.,* 346 N.W.2d 657, 658 (Minn.1984) (citations omitted).

 Here, following the district court's mandamus order, Sunfish Lake and Xcel settled the dispute underlying the mandamus action. Xcel argues the settlement made judicial resolution of the dispute unnecessary and effective relief impossible. PLTF argues this court can nonetheless grant effective relief here because our reversal of the dismissal and the mandamus ruling would "negate the basis of the subsequent settlement and issuance of the conditional use permit and allow rescission of the conditional use permit." We disagree. First, PLTF's assertion that the mandamus ruling was the sole basis of the settlement is not supported by the record, which shows the settlement imposed conditions on the parties not contained in the mandamus order. Second,

whatever the merits of the district court's mandamus order, which we do not address here, the legal soundness of that order has no bearing on the validity or enforceability of the stipulated settlement: where the parties to a settlement have

equal means of ascertaining what their respective rights were, the courts must uphold any compromise of such rights, "although a judicial decision should afterwards be made showing that these rights were different from what they supposed them to be, or showing that one of them had no rights at all, and so nothing to forego."

*Johnson v. St. Paul Ins. Cos.,* 305 N.W.2d 571, 574 (Minn.1981) (quoting *Hall v. Wheeler,* 37 Minn. 522, 523, 35 N.W. 377, 377 (1887)). There is no evidence that either Xcel or Sunfish Lake was ignorant of its rights here or that the settlement should be set aside for mutual mistake of fact, misrepresentation, or any other ground. *See id.*

 "[T]he strong public policy interest in the finality of settlements" obliges us to enforce a stipulated agreement where "the parties made a good-faith settlement on the basis of what they then understood the law to be." *Forcier v. State Farm Mut. Auto. Ins. Co.,* 310 N.W.2d 124, 128–29 (Minn.1981) (quotation omitted). Because the Forcier requisites are satisfied here, the settlement must be enforced, and this court may not review either the propriety of Sunfish Lake's initial denial of the conditional use permit or the district's court's mandamus order overturning the denial once judgment was entered on the settlement requiring Sunfish Lake to grant the conditional use permit. Nor does this court have the authority to direct the district court to enter judgment on the mandamus order.

Once the stipulation was filed, the trial court had no jurisdiction thereafter to enter a judgment in the case, except in

accordance with the stipulation or as otherwise necessary to close the litigation properly.

*Wills v. Red Lake Mun. Liquor Store,* 389 N.W.2d 769, 770 (Minn.App.1986) (citing *Muellenberg v. Joblinski,* 188 Minn. 398, 400, 247 N.W. 570, 571 (1933)). Because this court lacks jurisdiction to grant the relief requested by PLTF, the appeal must be dismissed.

 Although we are dismissing this appeal as moot, we also briefly address PLTF's argument that the dismissal of the mandamus action by the district court must be reversed as prejudicial. We review a district court's decision on a rule 41 motion for an abuse of discretion. *Altimus v. Hyundai Motor Co.,* 578 N.W.2d 409, 411 (Minn.App.1998). PLTF argues the unconditional dismissal prejudiced it by requiring, should it wish to litigate the merits of the conditional use permit application, that it bring a separate action against Sunfish Lake challenging the grant of the conditional use permit pursuant to the settlement. "[T]he mere prospect of a second lawsuit is not sufficiently prejudicial to justify denial of a rule 41(a)(2) motion to dismiss." *Id.*

## DECISION

By challenging the unconditional dismissal with prejudice of Xcel's mandamus action, PLTF seeks to obtain judicial review of the district court's mandamus order requiring Sunfish Lake to grant the conditional use permit. Subsequent to the valid stipulated settlement, this court cannot disturb the rights of the parties relative to the dispute underlying the settlement. We therefore dismiss PLTF's appeal as moot.

**Appeal dismissed.**