Beverly BUTTS, by and through her
Power of Attorney, Kathy IVER-
SON; et al., Respondents,

v.

The EVANGELICAL LUTHERAN
GOOD SAMARITAN SOCIETY, indi-
vidually and d/b/a Good Samaritan So-
ciety–Albert Lea, Appellant,

Brianna Broitzman, et
al., Co–Appellants.

No. A11–290.

Court of Appeals of Minnesota.

Aug. 8, 2011.

James P. Carey, Marcia K. Miller, Sieben, Grose, Von Holtum & Carey Ltd., Minneapolis, MN; and Mark R. Kosieradzki, Joel E. Smith, Kosieradzki Smith Law Firm LLC., Plymouth, MN, for respondents.

William M. Hart, Barbara A. Zurek, Melissa Dosick Riethof, Meagher & Geer P.L.L.P., Minneapolis, MN, for appellant.

Stephen O. Plunkett, Shanda K. Pearson, Steven P. Aggergaard, Bassford Remele, Minneapolis, MN, for co-appellants.

Considered and decided by SCHELLHAS, Presiding Judge; MINGE, Judge; and WRIGHT, Judge.

## OPINION

SCHELLHAS, Judge.

Appellants challenge the district court's grant of motions to voluntarily dismiss personal-injury claims that, under Minn. Stat. § 573.01, abated upon the death of the victims, and appellants challenge denial of their motions for summary judgment under the same statute. Because the dismissals without prejudice deprived appellants of an otherwise available defense to the claims and because that defense entitles appellants to judgment as a matter of law, we reverse.

## FACTS

This action arises out of numerous instances of abuse of residents of a nursing home operated by appellant The Evangelical Lutheran Good Samaritan Society, individually and d/b/a Good Samaritan Society—Albert Lea (Good Samaritan). Good Samaritan's employees, appellants Brianna Broitzman, Ashton Larson, Alicia Heil-

mann, and Kaylee Nash, are alleged to have committed the abuse.

In January 2010, four abuse victims (plaintiffs), through respondents as their representatives, initiated this action against appellants in Minnesota state district court. In April 2010, the estates of four deceased victims initiated a similar action in federal court in South Dakota, asserting claims in diversity against Good Samaritan, which has its principal place of business in South Dakota. Apparently because the individual appellants were not subject to the federal court's personal jurisdiction, the South Dakota action does not include any claims against the individual appellants or vicarious-liability claims against Good Samaritan.

In the months following commencement of the two lawsuits, three of the four plaintiffs in the Minnesota action died. Following their deaths, the estates of each of these individuals commenced actions in South Dakota federal court against Good Samaritan. In the Minnesota action, appellants moved for summary judgment to dismiss the deceased plaintiffs' claims because they had abated under Minnesota's survival statute, Minn.Stat. § 573.01. Respondents moved to voluntarily dismiss the plaintiffs' claims without prejudice, so that they could pursue the claims in South Dakota federal court.

The district court denied appellants' summary-judgment motions for dismissal of the plaintiffs' claims and granted respondents' motions for voluntary dismissal, reasoning that respondents had sought the voluntary dismissals early in the litigation and that appellants would not be prejudiced merely by having to defend the same claims in South Dakota federal court.

Shortly after the Minnesota district court granted the third motion for voluntary dismissal, the South Dakota federal court denied Good Samaritan's motion for

judgment on the pleadings, rejecting Good Samaritan's argument that the plaintiffs' claims were barred under Minnesota's survival statute. The federal court conducted a choice-of-law analysis with respect to the survival issue, applied the South Dakota survival statute, S.D. Codified Laws § 15–4–1 (2010), and denied Good Samaritan's motion to dismiss for failure to state a claim upon which relief could be granted.

In the Minnesota action, appellants obtained amended orders from the district court, certifying that there was "no just reason for delay" and directing the entry of partial judgment in accordance with Minn. R. Civ. P. 54.02.

This appeal follows.

## ISSUES

I. Did the district court err by granting respondents' motions to voluntarily dismiss without prejudice claims that had abated under Minn.Stat. § 573.01?

II. Did the district court err by denying appellants' motions for summary judgment dismissing the abated claims with prejudice?

## ANALYSIS

### I.

■ Absent agreement of all other parties, a plaintiff seeking to dismiss claims after an answer has been served must obtain leave of court. Minn. R. Civ. P. 41.01. Court-ordered voluntary dismissals under rule 41.01(b) are, unless otherwise stated, without prejudice. *Id.* This court "will not reverse a district court's decision on a rule 41 motion unless the district court abuses its discretion." *Altimus v. Hyundai Motor Co.*, 578 N.W.2d 409, 411 (Minn.App.1998).

■ Appellants assert that the district court lacked discretion to consider respon-

dents' motions for voluntary dismissal but instead was compelled to grant appellants' pending motions for summary judgment. In support of this assertion, appellants cite the mandatory language of Minn. R. Civ. P. 56.03, which provides that, when the requirements for summary judgment are met, "[j]udgment shall be rendered forthwith," and they cite *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn.1995), in which the Minnesota Supreme Court held that "[a] defendant is entitled to summary judgment as a matter of law when the record reflects a complete lack of proof on an essential element of the plaintiff's claim." But neither authority compels a district court to address pending summary-judgment motions before pending voluntary-dismissal motions. *Cf. Mizell v. Passo*, 147 Ill.2d 420, 168 Ill.Dec. 812, 590 N.E.2d 449, 451 (1992) (holding that district court has discretion to determine order in which to rule on motions). Our caselaw holds that the pendency of a summary-judgment motion is a factor to be considered in determining whether to grant voluntary dismissal, but is not dispositive. *Altimus*, 578 N.W.2d at 411. We therefore reject appellants' assertion that the district court lacked discretion to consider respondents' motions for voluntary dismissal and address whether the district court abused its discretion by granting the motions for voluntary dismissal.

In *Altimus*, this court addressed the factors to be considered by the district court in determining whether to grant a motion for voluntary dismissal under Minn. R. Civ. P. 41.01(b). *Id.* Noting that the rule was amended in 1993 to conform to its federal counterpart, this court relied on federal caselaw addressing the federal rule to identify four relevant considerations: "(1) the defendant's effort and the expense of trial preparation; (2) the plain-

tiff's excessive delay and lack of diligence; (3) insufficient explanation of plaintiff's need for dismissal; and (4) whether defendant moved for summary judgment." *Id.* at 410–11.

Appellants do not challenge the district court's analysis of the first two factors, but argue that the district court abused its discretion by granting voluntary dismissal because (1) respondents did not adequately explain their need for dismissal, and (2) appellants had moved for summary judgment. Regarding the adequacy of respondents' explanation of their need for dismissal, the district court stated: "The reason for Plaintiffs' request for voluntary dismissal is obvious and practical. As Defendants point out . . . , Plaintiff[s] no longer [have] a viable claim for personal injury in Minnesota." Accordingly, we reject appellants' argument that respondents did not explain their need for voluntary dismissal.

■■■ With respect to appellants' pending summary-judgment motions, this court has explained that, "[a]lthough courts may consider the existence of a pending summary judgment motion, this factor 'is not by itself dispositive.' " *Id.* at 411 (quoting *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir.1993)). "And the mere prospect of a second lawsuit is not sufficiently prejudicial to justify denial of a [rule 41.01(b)] motion to dismiss." *Id.* (citing *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir.1989)). Nevertheless, "a voluntary dismissal that strips a defendant of a defense that would otherwise be available may be sufficiently prejudicial to justify denial." *Id.* (citing *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir.1990); *Phillips*, 874 F.2d at 987).

In *Altimus*, this court applied these standards to hold that the district court did not abuse its discretion by denying a motion to voluntarily dismiss and granting summary judgment on product-defect claims that were barred by Minn.Stat. § 169.685 (1996), which at that time precluded the admission of evidence of "proof of the installation or failure of installation of seat belts." *Id.* at 411–12. This court reasoned that the appellant had "no cause of action under current law," and that "[d]ismissing this case without prejudice would deprive [respondents] of their existing defenses." *Id.* at 412. We rejected appellant's argument that dismissal without prejudice was appropriate because the legislature had been considering a change to the law that would allow her claim, explaining that "the fact that the legislature *may* pass such legislation in the future is not sufficient grounds for overturning the district court's decision on appeal." *Id.* at 411.[1]

■■ Here, appellants argue that the district court abused its discretion by granting voluntary dismissal because it deprives them of a defense to the plaintiffs' claims. In addition to *Altimus*, appellants cite a 1989 case, in which the Fifth Circuit held that a defendant is prejudiced by a voluntary dismissal of time-barred claims that has the effect of allowing a plaintiff to pursue claims in another state, where the statute of limitations has not expired. *See Phillips*, 874 F.2d at 987–88 (affirming summary judgment on statute-of-limitations grounds). We note that *Phillips* conflicts with a 1986 Eleventh Circuit case, in which that court held that a district court does not abuse its discretion by allowing a plaintiff to pursue a claim in another forum

---

1. The statute was later amended to provide that it "does not affect the right of a person to bring an action for damages arising out of an · incident that involves a defectively designed, manufactured, installed, or operating seat belt." 1999 Minn. Laws ch. 106, § 1, at 378.

with a longer statute of limitations. *See McCants v. Ford Motor Co.,* 781 F.2d 855, 858–59 (11th Cir.1986) (affirming grant of voluntary dismissal, holding "the loss of a valid statute of limitations defense not to constitute a bar to a dismissal without prejudice"). But more recent cases from other circuits, including the Eighth Circuit, are consistent with the *Phillips* holding that deprivation of a statute-of-limitations defense constitutes prejudice. *See Wojtas v. Capital Guardian Trust Co.,* 477 F.3d 924, 927–28 (7th Cir.2007) (affirming denial of voluntary dismissal because depriving defendant of benefit of a Wisconsin statute of limitations would constitute prejudice); *Metro. Fed. Bank of Iowa,* 999 F.2d at 1262 (explaining that "there is clear legal prejudice where a Rule 41(a)(2) dismissal is granted in the face of a valid statute of limitations defense").

■ We agree that the facts in this case are comparable to those in *Altimus* and the recent federal cases addressing statute-of-limitations defenses. Under Minn. Stat. § 573.01, "[a] cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists." The abatement of personal injury claims is the exception to the general rule that "causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter." *Id.; see also Risk ex rel. Miller v. Stark,* 787 N.W.2d 690, 695 (Minn.App. 2010) (explaining that survival rule is "broadly inclusive"),[2] *review denied* (Minn.

Nov. 16, 2010). As in *Altimus,* following the plaintiffs' deaths, no viable claims under Minnesota law existed. Consequently, by granting respondents' motions for voluntary dismissal, rather than appellants' motion for summary judgment, the district court deprived appellants of an existing defense. We therefore conclude that the district court abused its discretion by granting respondents' motions for voluntary dismissal.

Notably, respondents do not dispute that Minnesota law generally—and Minn. Stat. § 573.01 specifically—governs their claims in this action. Rather, they concede that "the original cause of action in Minnesota abated," while simultaneously asserting that "there is precedent that holds that Minnesota's abatement law does not apply in South Dakota Federal District Court to the [a]ppellants in this case." We reject respondents' attempts to distinguish between a Minnesota cause of action (which they concede has abated) and a South Dakota cause of action (which they argue survives). One cause of action exists in this case, for which a court must determine the applicable law. *See Black's Law Dictionary* 251 (9th ed.2009) (defining "cause of action" to mean "[a] group of operative facts giving rise to one or more bases for suing"). Respondents did not argue to the Minnesota district court that South Dakota law should govern the survival issue, and the district court recognized that Minn.Stat. § 573.01 applied to bar respondents' action. Respondents' pursuit of a choice-of-law determination in

---

2. We are cognizant that some courts, including the Minnesota Supreme Court, have questioned the continuing justification for abating personal-injury claims upon the death of a party. *See, e.g., Thompson v. Estate of Petroff,* 319 N.W.2d 400, 405–06 (Minn.1982) (characterizing abatement of personal-injury claims as a remnant of the early common law inconsistent with modern tort-law trends).

But Minnesota law recognizes abatement of personal-injury claims upon the death of a party and this court is bound to apply it. *See, e.g., Tereault v. Palmer,* 413 N.W.2d 283, 286 (Minn.App.1987) ("[T]he task of extending existing law falls to the supreme court or the legislature, but it does not fall to this court."), *review denied* (Minn. Dec. 18, 1987).

the South Dakota federal court further supports our determination that the district court abused its discretion by granting voluntary dismissals. *See Kennedy v. State Farm Mut. Auto. Ins. Co.*, 46 F.R.D. 12, 14–15 (E.D.Ark.1969) (holding that possibility that another court would apply different law constituted prejudice to defendant).

## II.

Having concluded that the district court abused its discretion by granting respondents' motions for voluntary dismissal of their claims, we turn to appellants' summary-judgment motions. Summary judgment shall be entered when "there is no genuine issue as to any material fact and ... either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. Because it is undisputed that the plaintiffs died of causes unrelated to the abuse alleged in this lawsuit and their claims therefore abated under Minn.Stat. § 573.01, appellants are entitled to summary judgment.

## DECISION

The district court abused its discretion by granting respondents' motion for voluntary dismissal of plaintiffs' claims that abated under Minnesota's survival statute, Minn.Stat. § 573.01, because the dismissal without prejudice deprived appellants of an otherwise available defense. Based on that defense, appellants are entitled to summary judgment, and we therefore reverse.

**Reversed.**